[No. 14995. Department One. December 28, 1918.]

PACIFIC POWER & LIGHT COMPANY, *Respondent*, v.
W. H. WHITE *et al., Appellants.*[1]

PRINCIPAL AND AGENT (7)—RELATION—TESTIMONY OF AGENT. The agent is competent to testify to the fact of agency.

SAME (9)—RELATION—EVIDENCE—SUFFICIENCY. An agency is sufficiently established where it was testified to by the agent, and proven by letters from the principal to him, and by evidence of payments and other transactions between them.

CONTRACTS (104)—MODIFICATION—CONSIDERATION. Where a contract is based upon a sufficient consideration, it is enough to support a subsequent modification by a supplemental agreement.

APPEAL (473)—REVIEW—LAW OF CASE. The decision on a former appeal upon demurrer to the complaint, sustaining the sufficiency of the facts alleged, becomes the law of the case, and is conclusive on the second appeal after trial on the merits.

Appeal from a judgment of the superior court for King county, French, J., entered June 20, 1918, upon findings in favor of the plaintiff, in an action for breach of warranty, tried to the court. Affirmed.

*Charles E. Patterson* and *Fred W. Neal,* for appellants.

*John A. Laing* and *Kerr & McCord,* for respondent.

MACKINTOSH, J.—After the decision of this court in *Pacific Power & Light Co. v. White,* 96 Wash. 18, 164 Pac. 602, that the complaint in this case stated a cause of action, a trial was had, resulting in a judgment for the plaintiff, from which the defendants appeal. The facts are sufficiently stated in the former opinion. The defendants present their claims of error as follows:

I. (a) That the proof did not establish Fullen as the agent of the plaintiff, and (b) that the acts, decla-

[1]Reported in 177 Pac. 313.

rations and admissions of Fullen should have been received in evidence to disprove such agency.

(a) As we read the testimony it is replete with satisfactory and convincing proof of the agency; it was sworn to by the agent, who was competent to establish the fact (*Bender v. Ragan,* 53 Wash. 521, 102 Pac. 427); it was proven by letters from the plaintiff to Fullen; it was established by the fact that the plaintiff furnished the money with which to make the purchase; it was testified to by the officers of the plaintiff; it was evidenced by the payment to Fullen of compensation for his services as agent.

(b) Assuming that the acts, declarations and admissions of Fullen were improperly excluded, we have in this court taken them into consideration as they appear in the offered exhibits and offers of proof, and find that they do not negative the finding of agency. At the most, they establish that the plaintiff was an undisclosed principal, and the defendants were in the same situation as any other persons dealing with one who has revealed nothing as to his agency at the time the negotiations are taking place. How the defendants were adversely affected by the fact that the plaintiff and not Fullen was the real purchaser is not apparent, their only claim being that they would not have sold to the Yakima Valley Power Company, which company was subsequently also purchased by the plaintiff, and there was not even an offer to prove that they had been unwilling to sell to the plaintiff itself at the time they sold, as they now claim, to Fullen personally.

II. That there was no consideration for the contract of September 19, 1916, and that offers of proof to that effect were improperly denied.

The record, after trial, presents no different question from that which we determined on the demurrer,

and we then held that there was a good consideration plead for the contract, and the offered proof went only to the establishment of this contract as supplemental to the one of September 8, and if that one was based on sufficient consideration, it was enough to support the subsequent modification. *Stofferan v. Depew,* 79 Wash. 170, 139 Pac. 1084. Assuming the fact to be that the later contract was not signed until after the stock had been transferred and paid for, yet this does not disprove that the signing of the contract of warranty was a part of one transaction.

III. That the evidence shows the warranty in the contract of September 19, 1910, was only against undisclosed or contingent liabilities, and proof should have been received tending to show that the liability here sued on was known to Fullen on September 19, 1910. This question was disposed of adversely to the defendants on the former appeal and has become the law of the case.

IV. That the contracts of September 8 and 19, 1910, were the personal contracts of Fullen, and the plaintiff could not be substituted as an undisclosed principal. The former opinion and what we have said in this one in discussion of the first point decide this suggestion against the defendants. Judgment affirmed.

MAIN, C. J., CHADWICK, MITCHELL, and TOLMAN, JJ., concur.