[No. 30500. Department Two. August 19, 1947.]

ALASKA STEAMSHIP COMPANY *et al., Respondents*, v. THE STATE OF WASHINGTON *et al., Appellants.*[1]

*The Attorney General* and *Philip W. Richardson, Assistant,* for appellants.

*Merritt, Summers & Bucey* and *Lane Summers,* for respondents.

PER CURIAM.—Petitioner (plaintiff) Alaska Steamship Company is a corporation organized and existing under the laws of the state of Nevada, having its principal place of business in the city of Seattle.

Petitioner Lee Che Company is a corporation organized and existing under the laws of the Republic of China, having its principal place of business in the city of Shanghai.

Petitioner General Steamship Corporation, Ltd., is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business in the city of San Francisco.

Petitioner Alaska Steamship Company (herein referred to as Alaska), proposing to sell its steamship "Cordova" to petitioner Lee Che Company (herein referred to as Lee Che), requested the United States maritime commission to approve and permit the sale of the above-named steamship to Lee Che, the ship to be transferred from United States flag and registry to Chinese flag and registry.

The proposed sale having been approved December 13, 1946, and permission granted by the maritime commission, Alaska, as vendor, February 3, 1947, at Seattle, Washington, in consideration of $235,000 to it paid, as the purchase price of the ship, executed and delivered to Lee Che, as vendee, through the latter's agent, General Steamship Corporation, Ltd., a bill of sale conveying title to the steamship from the vendor to the vendee. Possession of the steamship was delivered to vendee's agent above named, February 3, 1947, at Everett, Washington.

February 4, 1947, the permanent United States registry of the ship was surrendered to and canceled by the United States collector of customs at Seattle for transfer of the steamship to Chinese flag and registry, pursuant to order No. C-4739 of the United States maritime commission.

February 11, 1947, clearance for the sailing of the ship, as an undocumented vessel, was obtained from the United States collector of

[1] Reported in 196 P. (2d) 1013.

customs at Everett, and, on the same day, the ship, without crew, departed in tow from Everett, Washington, to Vancouver, British Columbia, on the first leg of its voyage to China.

Thereafter, the consul of the Republic of China, in Vancouver, British Columbia, issued a provisional certificate of registry and nationality of the steamship, placing the same under Chinese flag and registry, the ship being designated by the name "Lee Kung," Lee Che Company, owner.

April 2, 1947, before the Chinese consul at Vancouver, British Columbia, the master of the ship, acting on behalf of Lee Che, signed articles with the ship's crew, under the Chinese flag, for a voyage to terminate in China.

April 3, 1947, clearance for the sailing of the ship was granted by Canadian customs authorities at Vancouver, and, on the same day, the ship left Vancouver on its voyage to China.

March 14, 1947, the sum of $7,050, representing three per cent sales tax on the sale of the steamship, was paid, under protest, to the state of Washington and its tax commission, through Alaska, as vendor, for Lee Che, as vendee, by the General Steamship Corporation, Ltd., as the latter's agent.

Thereafter, the petitioners, contending that, by the transaction above described, the steamship was exported from the United States to the Republic of China; that, because of the sale, the ship could not be legally used or operated in waters of the state of Washington or of the United States, except solely as an incident to foreign commerce, and that, consequently, the payment above referred to and the retention of the money by the state tax commission were illegal, as in violation of Art. I, § 10, clause 2, of the United States constitution, demanded of the members of the tax commission a refund of the amount paid, together with interest.

Their demand having been refused, petitioners appealed to the superior court of the state of Washington from the ruling of the tax commission, by their attorneys issued a summons to members of the tax commission, and filed a bond in support of their appeal.

In due time, the respondents, members of the tax commission of the state of Washington, filed their answer denying, upon information and belief, most of the facts alleged in the petition, admitting the sale of the ship, as above set forth, and the collection of the sales tax above referred to, and, as an affirmative defense, alleging that, pursuant to the laws of the state of Washington, the tax collected was due, as an incident to the sale of the ship.

The matter was presented to the superior court upon a written "stipulation of facts," stating as facts the occurrences above described, stating that the steamship referred to had lost status as a domestic vessel and had acquired status as a foreign vessel, thereby having become ineligible for registration as a vessel of the United States, and ineligible for use and operation in waters of the United States, and stating the respective contentions of the petitioners and of the respondent tax commissioners, the former claiming that they were entitled to a refund of the money paid by way of a sales tax, and the respondents

claiming that the tax had been rightfully and lawfully collected and retained.

The trial resulted in the entry of findings of fact and conclusions of law in favor of petitioners, the findings adopting the stipulated facts, with the exception of No. 20, being the last portion of the stipulation, in which the parties stated their respective contentions.

The court concluded that petitioners were illegally required to pay a sales tax on the sale of the steamship, and were entitled to a refund of the amount which they had paid, together with interest.

Judgment was entered in accordance with the findings of fact and conclusions of law, granting petitioners judgment against the state of Washington and the tax commission of the state of Washington, composed of the persons named in the title hereof, for the sum of $7,050, together with interest.

From this judgment, the state of Washington and the state tax commission have appealed to this court.

Appellants' assignments of error are based upon the trial court's ruling that appellants' action, in levying and collecting a sales tax upon the sale of the steamship "Cordova" by respondent Alaska to respondent Lee Che, was illegal, as being in violation of Art. I, § 10, clause 2, of the constitution of the United States, and upon the entry of judgment in favor of respondents and against appellants for the return of the amount paid by respondents, under protest, in compliance with appellants' demand.

By stipulation between the parties, on file herein, this action was consolidated for hearing before this court with cause No. 30498, entitled Alaska Steamship Company, Yu Chung Steamship Company, Ltd., and American Minerals & Transport Corporation, Respondents, v. The State of Washington and The Tax Commission of the State of Washington, composed of H. H. Henneford, T. M. Jenner, and T. S. Hedges, Appellants, for purposes of briefs and argument.

By stipulation, the parties agreed that the facts in the two actions "are indistinguishable so far as the question at issue is concerned, and the question of law in each case is identical."

The briefs filed by the respective parties are in accord with the stipulation, and, from our examination of the record in this case, we find no material divergence between the facts herein and those in cause No. 30498.

For the reasons stated in our opinion in cause No. 30498, *Alaska Steamship Co. v. State, ante* p. 328, 196 P. (2d) 1001, to which reference is hereby made, the judgment appealed from herein is affirmed.