[No. 30422. Department Two. August 19, 1948.]

MANILA STEAMSHIP COMPANY, *Appellant*, v. THE STATE OF
WASHINGTON, *Respondent.*[1]

[1]Reported in 196 P. (2d) 1015.

*Skeel, McKelvy, Henke, Evenson & Uhlmann, W. E. Skeel*, and *Altha P. Curry*, for appellant.

*The Attorney General* and *Philip W. Richardson, Assistant*, for respondent.

BEALS, J.—Plaintiff, Manila Steamship Company, a foreign corporation, filed its complaint in the office of the clerk of the superior court for Thurston county, alleging its corporate existence; that it was not authorized to do business in the state of Washington, nor was it conducting any business therein; that, on or about July 12, 1946, plaintiff purchased, in the state of Washington, the American steamship "North Coast" at the price of $460,000; that the seller demanded and received from the purchaser a sales tax upon the purchase price of the vessel, in the amount of $13,800, and that the seller thereafter made due and proper return of the sale to the tax commission of the state of Washington, and paid the amount above set forth to the tax commission, by way of a sales tax upon the sale and purchase of the vessel.

The plaintiff further alleged that, as a necessary element of the transaction, and as required by law and the contract between the parties, the ship was transferred from United States registry and flag to Philippine ownership and registry, all with the approval and authorization of the United States maritime commission; that the plaintiff sought a refund of the sales tax which it had erroneously been required to pay, seeking the relief asked for pursuant to the provisions of Laws of 1939, chapter 225, § 29, p. 1013 (Rem. Rev. Stat. (Sup.), § 8370-199 [P.P.C. § 962-29]), which section of the statute outlines the procedure to be followed by a person seeking refund from the state tax commission of an amount paid by way of a sales tax, and that the plaintiff had filed a surety bond in the sum of two hundred dollars, conditioned, as required by law, upon an appeal to the superior court from an order of the tax commission.

The state of Washington answered the complaint, admitting that,

" . . . on or about August 31, 1946, the Northland Transportation Company reported the sale of a certain steamship, namely, the 'North Coast' for the full purchase price of $460,000 to a buyer, Manila Steamship Company, and stating further that it had collected retail sales tax of 3% on said purchase in the sum of $13,800 from said buyer and remitted said sum to the Tax Commission of the State of Washington,"
and denying the other material allegations thereof.

The action was presented to the superior court for trial upon an agreed statement of facts, from which it appears that plaintiff, Manila

Steamship Company, is a foreign corporation, organized and existing under the laws of the Philippine Republic; that, March 18, 1946, plaintiff entered into a contract with G. W. Skinner, R. C. Anderson, and David E. Skinner, a copartnership doing business as the Northland Transportation Company, for the purchase of the American steamship "North Coast," and that the contract was subject, *inter alia*, to the following condition:

"(b) Approval of the sale of said vessel and the transfer to foreign flag (if such transfer to foreign flag is promptly requested by the Buyer) by the United States Maritime Commission."

It was further stipulated that the plaintiff had paid the retail sales tax, amounting to three per cent of the purchase price, in the sum of $13,800, on account of the purchase of the ship, which amount was thereafter paid to the tax commission of the state of Washington, and that, in this action, the plaintiff sought a refund of the amount so paid, contending that the tax had been illegally exacted, and that the collection of such a tax was prohibited by Art. I, § 10 (clause 2), of the constitution of the United States, being the "import-export clause" of the constitution.

It was further stipulated that, thereafter, consent to the sale of the vessel was given by the United States maritime commission; that, July 12, 1946, the vessel was sold and the purchase price of $460,000 paid by plaintiff to the seller; that the steamship was delivered to the plaintiff within the state of Washington; that the American registry of the ship was canceled, and the ship immediately registered under the laws of the Philippine Republic as a vessel of that nation, and its name changed to "Mayon"; that the ship was placed under the Philippine flag, and a crew, composed entirely of citizens of the Philippine Republic, was shipped, after which the vessel proceeded in ballast to San Francisco, California, where a cargo was loaded for delivery in the Philippine Islands.

It was also stipulated that the action was brought in accordance with Laws of 1939, chapter 225, § 29, p. 1013 (Rem. Rev. Stat. (Sup.), § 8370-199), above referred to, and that the question submitted to the superior court for determination was whether, under the facts stated, the sales tax upon the sale and purchase of the steamship had been legally or illegally exacted.

The action was tried to the court and resulted in the entry of findings of fact and conclusions of law in favor of the defendant, followed, after denial of plaintiff's motion for a new trial, by a judgment dismissing plaintiff's appeal from the decision of the tax commission of the state of Washington, with prejudice, and awarding the defendant judgment against plaintiff for its costs.

From this judgment, plaintiff has appealed to this court, assigning error upon the refusal of the trial court to award plaintiff judgment against the state of Washington, in the sum of $13,800, together with interest; upon the rendition of the judgment dismissing plaintiff's appeal from the decision of the tax commission, and upon the denial of plaintiff's motion for a new trial.

The record on appeal is brought before this court upon an agreed statement of facts (being the same agreed statement of facts upon which

the case was tried before the superior court), as stipulated by the parties and approved by the trial judge, pursuant to Rule of Supreme Court 10, 18 Wn. (2d) 11-a.

Art. I, § 10, clause 2, of the constitution of the United States, reads as follows:

"No state shall, without the consent of the congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws; and the net produce of all duties and imposts, laid by any state on imports or exports, shall be for the use of the treasury of the United States; and all such laws shall be subject to the revision and control of the congress."

The only difference in the facts before us in the case at bar and those in the case of *Alaska Steamship Co. v. State, ante* p. 328, 196 P. (2d) 1001, as disclosed by the record, is that it appears from the stipulated facts before us that, after the purchase of the steamship by appellant herein, and after appellant had taken possession thereof, under Philippine Republic registry and flag, the ship proceeded in ballast to an American port, namely, San Francisco, California, where a full cargo was loaded for delivery to the Philippine Islands.

The fact that the steamship left the port of Seattle for the port of San Francisco, where a cargo was taken aboard, instead of leaving the port of Seattle directly for a foreign port, does not present any essential difference between the facts before us in the case at bar and those in the case above cited.

Respondent does not contend that the fact last referred to presents here a question which would require that any different conclusion be reached in this case than in the case referred to.

For the reasons stated in our opinion in cause No. 30498, *Alaska Steamship Co. v. State, ante* p. 328, 196 P. (2d) 1001, the judgment appealed from is reversed, with instructions to the trial court to enter judgment in favor of appellant for the amount paid by way of a sales tax upon the purchase of the steamship, with legal interest from date of payment.

MALLERY, C. J. STEINERT, ROBINSON, and JEFFERS, JJ., concur.