[No. 30950.   *En Banc.*   September 3, 1949.]

COLUMBIA STEEL COMPANY, *Respondent and Cross-appellant,* v. THE STATE OF WASHINGTON, *Appellant.*[1]

MALLERY and STEINERT, JJ., dissent.

[1]Reported in 209 P. (2d) 482.

*The Attorney General, Max Kaminoff* and *William C. Klein, Assistants,* for appellant.

*Evans, McLaren, Lane, Powell & Beeks (Walter Shelton, Thomas Ashby,* and *David J. McDaniel,* of counsel), for respondent and cross-appellant.

BEALS, J.—Plaintiff in this action, Columbia Steel Company, is a corporation organized and existing under the laws of the state of Delaware, maintaining its principal place of business in the city and county of San Francisco, state of California, and a sales office in the state of Washington, where it has engaged in both intrastate and interstate business. Plaintiff has qualified, under the laws of the state of Washington, to carry on that portion of its business which consists of the sale of iron and steel products in this state.

In its amended complaint filed before the superior court for Thurston county, plaintiff alleged that, October 3, 1947, the tax commission of the state of Washington levied a deficiency or additional assessment against the plaintiff taxpayer, in the sum of $101,105.23, together with interest and penalties in the sum of $17,176.15, attaching a copy of the deficiency assessment to its complaint. The assessment covered the years 1943, 1944, and 1945, and was based upon Laws of 1935, chapter 180, p. 706, Rem. Rev. Stat. (Sup.), § 8370-1 [P.P.C. § 961-1] *et seq.*, as amended, which imposes a business and occupation tax upon persons or corporations engaged, within the state of Washington, in the business of making sales at wholesale.

The amended complaint alleged that the plaintiff paid the tax demanded, together with penalties and interest, October 22, 1947. Paragraph No. 5 of the amended complaint reads as follows:

"The aforesaid deficiency assessment is based upon a tax upon amounts derived from business which the State of Washington is prohibited from taxing under Article I, Section 8, Clause 3 of the Constitution of the United States of America."

By the prayer of its amended complaint, plaintiff appealed to the superior court, and demanded that the deficiency assessment which had been levied against it be vacated; that the tax, penalties, and interest represented by the assessment be abated; and that the plaintiff taxpayer recover judgment against the state of Washington for the amount of the tax and penalties thereon paid by the plaintiff, together with interest from October 22, 1947.

The defendant filed a general demurrer to the amended complaint, which the trial court sustained. Plaintiff having refused to plead further, the trial court entered an order dismissing the appeal to the superior court, and also dismissing plaintiff's amended complaint with prejudice.

From this order of dismissal, plaintiff appealed to this court and, the cause having been heard, this court filed its *En Banc* opinion, May 6, 1948, reversing the order of the superior court from which the plaintiff had appealed, and remanding the proceeding to the trial court with instructions to overrule the demurrer interposed by the state of Washington to the complaint. *Columbia Steel Co. v. State,* 30 Wn. (2d) 658, 192 P. (2d) 976.

Upon remand to the superior court, defendant state of Washington filed its answer, denying the material allegations of the amended complaint and alleging that the tax which had been paid by the plaintiff, together with penalties and interest, was due to the state of Washington, and that there was no statutory or other authority for the payment by the state of interest on refunds of business and occupation taxes or similar impositions. The state asked that the action be dismissed at plaintiff's cost.

The parties stipulated that the action might be tried before the Honorable D. F. Wright, a member of the bar of the state of Washington and formerly a judge of the superior court for Thurston county, and an order of the superior court was entered appointing Judge Wright as such judge *pro tempore* to hear and determine the issues presented upon the trial of the action.

After the hearing, the trial court entered findings of fact

and conclusions of law in favor of the plaintiff, to the effect that the plaintiff was entitled to judgment against the defendant state of Washington for $118,281.38, also concluding that the plaintiff was not entitled to a judgment for interest on that amount from the date the plaintiff paid the same to the defendant to and including the date of the judgment in the action. The plaintiff proposed a conclusion of law to the effect that it was entitled to recover such interest, which conclusion the court refused.

February 1, 1949, the superior court entered judgment in accordance with its findings of fact and conclusions of law, from which judgment the defendant state of Washington has appealed to this court.

Respondent has cross-appealed from that portion of the judgment refusing to allow respondent interest upon the amount for which judgment in its favor was entered against the appellant.

Appellant assigns error upon the entry of the court's conclusions of law holding that appellant was prohibited from levying the tax which was the subject matter of the action, and that the respondent was entitled to judgment for the amount referred to above. Appellant also assigns error upon the entry of the judgment in respondent's favor, and upon the refusal of the trial court to dismiss respondent's amended complaint.

Cross-appellant (respondent) assigns error upon the court's ruling that it was not entitled to recover interest on the amount paid to the state from the date of such payment, and upon the refusal of the trial court to enter conclusions of law and judgment accordingly.

Upon the trial of the action after remand, the only witness who testified was Mr. T. M. Jenner, a tax commissioner of the state of Washington, who was called by the appellant. Mr. Jenner testified as to the procedure followed by the tax commission and the adoption of certain rules by that body.

The record before us and appellant's assignments of error show beyond question that, in entering the judgment appealed from, the trial court was following the opinion of

this court in the previous appeal and the law as laid down therein.

We are, therefore, confronted with the question of whether the law as stated in our opinion in the first appeal has become "the law of the case," in so far as a determination of this appeal is concerned. If it be held that the decision of this court does establish the law of this case, we may not, at this time, consider any questions involving the merits as argued by appellant.

Appellant recognizes the doctrine of "the law of the case," but argues that certain matters material to the facts of the case were not clearly set forth in the record before this court upon the previous appeal; that, since the previous appeal was decided, these items have in some respects been clarified; and that, for this reason, we should again consider the question presented upon its merits.

Appellant's arguments pertain to the question of whether, in so far as the facts of this case are concerned, respondent is a manufacturer or a wholesaler. Appellant contends that it is apparent from our opinion that this court considered respondent to be a manufacturer and not a wholesaler, and that, because of this misunderstanding, the court was led to an erroneous conclusion.

All of the facts relied upon by appellant in this connection were clearly set forth in the pleadings which were before us on the previous appeal, and that these facts were understood by the court, and considered, clearly appears from the following quotation from the opinion (30 Wn. (2d) 658, 659):

"Twenty per cent of the interstate business consists of the handling of iron and steel products and by-products manufactured by plaintiff in the states of California and Utah, which, when sold, are delivered from those states into the state of Washington by common carriers, who transport the products from the state of origin into this state on straight bills of lading to various customers in the state. Dealing in products purchased from manufacturers in Massachusetts, Pennsylvania, Ohio, Indiana, Illinois, Minnesota, Alabama, and other states and then shipped by common carrier from

the states of manufacture into this state, comprised eighty per cent of plaintiff's business upon which the deficiency assessment was based."

The opinion of this court rendered on the previous appeal is specific and definite. Each question presented was considered and decided. The testimony of Mr. Jenner, on the second trial of the action, contained nothing which calls for any different result than that reached by the trial court in rendering the judgment now before us.

■ We have several times considered the doctrine of "the law of the case." In *Baxter v. Ford Motor Co.,* 179 Wash. 123, 35 P. (2d) 1090, we said:

"The law is well settled in this state that, on a second appeal, we will not review questions decided by us on the former appeal. *Collins v. Terminal Transfer Co.,* 98 Wash. 597, 168 Pac. 174; *Pacific Power & Light Co. v. White,* 104 Wash. 528, 177 Pac. 313; *Ecuyer v. New York Life Insurance Co.,* 107 Wash. 411, 181 Pac. 871, 186 Pac. 327.

"Upon the retrial, the parties and the trial court were all bound by the law as made by the decision on the first appeal. On appeal therefrom, the parties and this court are bound by that decision unless and until authoritatively overruled."

In *Miller v. Sisters of St. Francis,* 5 Wn. (2d) 204, 105 P. (2d) 32, appears the following:

"The case having been here upon a former appeal, as to every question that was determined upon that appeal and as to every question that might have been determined, the opinion became what is called the law of the case upon the second trial, and cannot again be considered by this court upon a second appeal."

In *State ex rel. Seattle v. Department of Public Utilities,* 33 Wn. (2d) 896, 307 P. (2d) 712, we said:

"When this court denied the petition for recall of remittitur and correction of the judgment, it in effect approved the judgment entered by the superior court.

"Regardless of any other consideration, it is our opinion that the judgment of the superior court, entered upon the remittitur in obedience to the order of this court, became the law of this case."

The court then cited several of our decisions which referred to the doctrine in question.

By its assignments of error, appellant presents no question which was not determined on the previous appeal in this action, and no new question was raised by the pleadings or the evidence.

In entering its findings of fact, conclusions of law, and judgment, the trial court evidently recognized that the case was then controlled by our previous decision, and, the case having been remanded by this court to the trial court for further proceedings, that court meticulously followed our opinion.

In so far as questions here presented by appellant state of Washington are concerned, the doctrine of "the law of the case" applies, and appellant's assignments of error are not well taken. In accordance with this principle of law, we refuse to again consider the questions argued by appellant.

We shall now consider the question raised by respondent's cross-appeal, namely: Did the trial court err in holding that respondent was not entitled to recover interest from the date of payment on the amount which it had paid to the state?

The question presented by respondent upon its assignments of error is: When the state collects a tax such as that here in question and it is later held that the statutes providing for the collection of such a tax were not applicable to the taxpayer, in connection with the activities pursuant to which the tax was claimed by the state, that the taxpayer was not indebted to the state in the amount claimed by the taxing authorities or in any amount, and that the taxpayer should recover judgment against the state for the taxes paid, should the taxpayer recover not only the principal amount he was unlawfully required to pay but also interest on that amount at the legal rate?

This question was not considered by this court upon the first appeal, and we hold that respondent is not precluded from now raising the question, which does not fall within the rule of "the law of the case."

Decisions throughout the United States, both Federal and state, are in considerable conflict upon questions concerning the recovery of interest by a taxpayer, when the money paid for taxes is ordered returned.

■ Laws of 1931, chapter 62, p. 201, Rem. Rev. Stat., §§ 11315-1 to 11315-8 [P.P.C. §§ 979-465 to 979-479], both inclusive, provided the method for recovery of certain taxes. The act was amended by Laws of 1937, chapter 11, p. 19, Rem. Rev. Stat. (Sup.), §§ 11315-2, 11315-4, 11315-5, and Laws of 1939, chapter 206, §§ 48, 49, p. 772, Rem. Rev. Stat. (Sup.), §§ 11315-6, 11315-7. By Laws of 1937, chapter 11, § 1, p. 19, Rem. Rev. Stat. (Sup.), § 11315-2, it was provided that a taxpayer might pay, under written protest, any tax which he deemed unlawful, and might thereafter bring an action against the state, before the superior court, for the recovery of taxes so paid under protest. The first sentence of Laws of 1931, chapter 62, § 3, p. 202, Rem. Rev. Stat., § 11315-3, reads as follows:

"In case it be determined in such action that said tax, or any portion thereof, so paid under protest, was unlawfully collected, judgment for recovery thereof and lawful interest thereon from date of payment, together with costs of suit, shall be entered in favor of plaintiff. . . ."

Laws of 1931, chapter 62, *supra,* was enacted prior to the "Revenue Act of 1935," which provides for the collection of excise, business and occupation, and similar taxes.

In the case of *Great Northern R. Co. v. State,* 200 Wash. 392, 93 P. (2d) 694, we held that a taxpayer who had paid illegally exacted excise taxes was not required to make a formal protest at the time the taxes were paid, as a condition precedent for maintaining an action against the state to recover the same. The case cited concerned the "Revenue Act of 1935," the statute with which we are here concerned. Referring to chapter 62, Laws of 1931, we said:

"Chapter 62, Laws of 1931, was intended, a reading of that statute clearly shows, to apply exclusively to *ad valorem* taxes. . . .

"Statutes should be construed as a whole. The intention of the legislature may not be shown by taking one section

or sentence of a statute. If we are mindful of that rule, we plainly see, in reading all of chapter 62, Laws of 1931, that the legislature intended that statute to apply solely to *ad valorem* taxes. . . .

". . . Section 1 would have no meaning if chapter 62, Laws of 1931, were meant to apply to excise taxes. . . .

"Section 2, chapter 62, Laws of 1931, p. 201, provides that, in all cases of the levy of taxes for public revenues which are deemed unlawful or excessive by the person, firm or corporation *whose property is taxed,* or from whom such tax is demanded or enforced, such person may pay such tax under written protest, and thereupon the person so paying may bring an action in the superior court against the state, county, or municipality by whose officers the same was collected to recover such tax or any portion thereof so paid under protest. Attention is again directed to the fact that it is only the person whose *property* is taxed that is permitted to pay the tax under protest and recover a refund. The *property of a person paying* the *fuel oil tax is not taxed; that tax is an excise tax.* The omission by the legislature of any reference to 'licenses,' or any term which would clearly include the fuel oil tax, evinces the intention of the legislature that chapter 62, Laws of 1931, should not apply to an excise tax."

The opinion continues by stating other reasons for the court's holding that the act of 1931 referred only to *ad valorem* taxes.

The tax paid by respondent herein was exacted pursuant to Laws of 1935, chapter 180, p. 706, Rem. Rev. Stat. (Sup.), § 8370-1 [P.P.C. § 961-1] *et seq.,* the "Revenue Act of 1935," as amended, providing for the collection of business and occupation taxes. Section 189 of the act (Rem. Rev. Stat. (Sup.), § 8370-189, reads as follows:

"Any money paid to the tax commission through error and not in payment of any tax due hereunder, upon the request of the person by whom such payment was made, shall be refunded as provided in the foregoing section.

"Any judgment for which a recovery is granted by any court of competent jurisdiction, not appealed from, for tax, interest, penalties, and costs in a suit by any taxpayer shall be paid in like manner, upon the filing with the tax commission of a certified copy of the order or judgment of the court."

The "interest" which the taxpayer may recover pursuant to the section quoted refers to any interest which the taxpayer may have paid when paying the tax.

By Laws of 1949, chapter 228, § 21, p. 847, Rem. Supp. 1949, § 8370-189, § 189 of the statute of 1935 was amended in several particulars, the amendment providing, in part, that

". . . Interest at the rate of three per cent (3%) per annum shall be allowed by the Tax Commission and by any Court on the amount of any refund or recovery allowed to a taxpayer for taxes, penalties or interest paid by him after May 1, 1949, and interest at the same rate shall be allowed on any judgment recovered by a taxpayer for taxes, penalties or interest paid after said date."

This amendment, of course, nowise affects respondent's rights in the case at bar, but initiates a new legislative policy in connection with excise taxes.

Our attention has been called to no statute of this state which expressly confers upon one in the position of respondent, who recovers the principal amount paid (by way of an excise like that paid by respondent) as the result of an illegal exaction by the taxing authorities, the right to also recover interest upon the amount paid from the date of such payment.

Our decisions concerning this matter are, upon cursory examination, not entirely harmonious.

In *Great Northern R. Co. v. Stevens County* (1919), 108 Wash. 238, 183 Pac. 65, this court reversed a judgment in favor of the defendant, in an action by the railroad brought for the recovery of a portion of an excessive levy made by the county commissioners, and remanded the case, with directions to enter a judgment in favor of the railway company in a specified amount, "with legal interest" from the date on which the railroad company had paid the excessive tax. The question of the right of the taxpayer to recover interest was not discussed in the opinion.

In *Byram v. Thurston County* (1926), 141 Wash. 28, 251 Pac. 103, 252 Pac. 943, a judgment in favor of the taxpayer for taxes paid under protest, by the receivers of a railroad

corporation, was considered. The judgment against, the county apparently included interest from the date of payment upon the amount paid. This court cited the case of *Great Northern R. Co. v. Stevens County, supra,* and affirmed the judgment, including the provision for the payment of interest.

In the case of *Alaska Steamship Co. v. State,* 31 Wn. (2d) 328, 196 P. (2d) 1001, this court affirmed a judgment in favor of the taxpayer for the return of an illegally exacted sales tax collected by the taxing authorities in connection with the sale of a steamship. The judgment rendered by the superior court provided for the payment of interest upon the amount of the illegal exaction for which the taxpayer was granted judgment, but, on appeal to this court, no question was argued or suggested by the appellants concerning that portion of the judgment which provided for the recovery of interest upon the amount of tax paid. The case was submitted to this court upon an agreed record on appeal, under Rule of Supreme Court 10, 18 Wn. (2d) 11-a, and a statement of points of error relied upon by the appellants (the state of Washington and the members of the tax commission). In appellants' brief, under the heading "Statement of the Case," it is stated, *inter alia:*

"The only question involved in each case and presented herein is whether the said retail sales tax constituted a tax on an export and was therefore prohibited by Article I, section 9, clause 5 and section 10, clause 2 of the constitution of the United States."

Appellants assigned error upon the entry of the judgment, which, of course, as above stated, included the payment of interest by the state upon the tax that had been collected. Appellants' brief was devoted entirely to argument that the tax upon the sale of the steamship was lawfully due.

The same action was taken in connection with two other cases between the same parties (*Alaska Steamship Co. v. State,* 31 Wn. (2d) 946, 196 P. (2d) 1011; *Alaska Steamship Co. v. State,* 31 Wn. (2d) 949, 196 P. (2d) 1013), and,

in the case of *Manila Steamship Co. v. State*, 31 Wn. (2d) 952, 196 P. (2d) 1015, which covered an identical question, the judgment was reversed, with instructions to the superior court to enter judgment in plaintiff's favor for the amount paid, together with legal interest from the date of payment.

The decisions of this court in the cases cited are not pertinent here, as no question was raised by the state (appellant in three cases and respondent in one) concerning the allowance of interest upon the tax paid, the only question presented being whether or not the sales tax was lawfully due the state upon transfer of the steamships. In the *Alaska Steamship Co.* cases, the judgments rendered were affirmed, while in the *Manila Steamship Co.* case the judgment appealed from was reversed, with instructions to enter a judgment similar to those rendered in the *Alaska Steamship Co.* cases in favor of the appellant steamship company.

This court has several times considered the question of the allowance of interest upon the amount for which plaintiffs have been granted judgment against the state.

In *Spier v. Department of Labor & Industries,* 176 Wash. 374, 29 P. (2d) 679, in affirming a judgment of the superior court in favor of the plaintiff (after reducing the amount of the award), we said:

"The judgment of the trial court carries interest at six per cent. The general rule is that the state cannot, without its consent, be held to interest on its debts. 15 R. C. L. 17; *United States ex rel. Angarica v. Bayard,* 127 U. S. 251, 8 S. Ct. 1156; *United States v. North Carolina,* 136 U. S. 211, 10 S. Ct. 920. It is contended by respondent that the judgment is essentially not against the state. To this, we cannot agree. The department of labor and industries is a state agency, exercising functions which, under the declarations of the workmen's compensation act, are governmental."

We cited and followed the *Spier* case in *Horton v. Department of Labor & Industries,* 199 Wash. 212, 90 P. (2d) 1009.

In *State ex rel. Pacific Bridge Co. v. Washington Toll Bridge Authority,* 8 Wn. (2d) 337, 112 P. (2d) 135, this court directed that a writ of mandate issue to require the toll bridge authority to draw warrants in payment of the balance due the relator, together with interest. The *Spier* and *Horton* cases were distinguished upon the ground that the toll bridge authority was "a distinct legal entity separate and apart from the state," and did not enjoy "the immunity which protects a sovereign state from liability for interest on its debts without contractual or statutory authorization."

As to the questions determined in the three cases last cited, it appeared that there was no statute providing that interest should be either allowed or disallowed upon such claims.

Similar questions have been presented to courts of other states, which have reached various conclusions thereon. These authorities are discussed in 57 A. L. R. 357 and 76 A. L. R. 1012.

■ We are of the opinion that a sovereign state cannot be sued without its consent, particularly in connection with the exercise of its governmental functions. The right to sue the state, when accorded by statute, extends no farther than to grant the plaintiff the right to bring his action and, if the evidence introduced before the trial court is sufficient to establish the state's liability, to recover against the state a judgment for the amount due, not including interest unless the payment of interest by the state is also authorized by statute.

Counties are subdivisions of the state and do not enjoy the immunity from suit which controls in regard to claims against a sovereign state. No question concerning judgment against a county for interest is here presented.

Certain state agencies may be held liable for interest upon debts without express statutory authority (*State ex rel. Pacific Bridge Co. v. Washington Toll Bridge Authority, supra*), but such liability must be based upon some statute establishing and regulating the particular agency in question.

In the absence of a statute providing that the state shall be liable for interest upon amounts awarded to private parties by judgments for the refund of taxes, such as those here in question, interest upon the amounts which the taxpayers may recover will not be allowed.

The judgment appealed from is affirmed upon appellant's appeal and is also affirmed upon respondent's cross-appeal. No costs will be allowed in this court to either party.

SIMPSON, C. J., JEFFERS, ROBINSON, SCHWELLENBACH, and GRADY, JJ., concur.

HILL, J. (concurring)—I concur without reservation in the holding that the Columbia Steel Company was not entitled to interest on the amounts which the majority holds were illegally exacted from it.

I concur also in the holding that no issue is presented here that was not previously presented to this court and decided in *Columbia Steel Co. v. State,* 30 Wn. (2d) 658, 192 P. (2d) 976. I am still of the opinion that that case was erroneously decided, for the reasons stated in my dissent. See 30 Wn. (2d), at p. 664; 192 P. (2d), at p. 979. The holding therein, right or wrong, is the law of the case, and the trial court correctly interpreted and followed it and should be affirmed, unless we are willing to overrule our holding in the cited case, and that the majority is unwilling to do.

MALLERY and STEINERT, JJ., dissent.