[No. 33586.   Department Two.   October 18, 1956.]

AMERICAN STEEL & WIRE COMPANY OF NEW JERSEY, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.[1]

[1] Reported in 302 P. (2d) 207.

The *Attorney General* and *Keith Grim, Assistant*, for appellant.

*Evans, McLaren, Lane, Powell & Beeks, George V. Powell*, and *Raymond W. Haman*, for respondent.

WEAVER, J.—This is an action to recover a tax payment collected under a statute which was later held inapplicable to interstate transactions under the Federal constitution. The state of Washington appeals from a judgment of $14,937.97.

During the years 1942, 1943, 1944, and 1945, respondent, a foreign corporation authorized to do business in this state, made wholesale and retail sales to Washington purchasers. It is agreed that these were "interstate sales." The tax was paid bimonthly, during the period from January, 1942, through December, 1945, on the basis of respondent's sales to Washington purchasers. The last payment, in the sum of $146.80, was paid January 25, 1946.

December 31, 1946, respondent filed a petition with the state tax commission praying for a refund of the tax paid, in the sum of $15,084.77. The tax commission granted a hearing on respondent's petition. The date of hearing was deferred, pending the conclusion of litigation concerning the validity of the imposition of the business and occupation tax upon one who sold merchandise and delivered it by shipment in interstate commerce.

In *Columbia Steel Co. v. State*, 30 Wn. (2d) 658, 192 P. (2d) 976 (1948), this court held that portion of the Laws of

1935, Chapter 180, p. 706, as amended by the Laws of 1943, chapter 156, p. 487 (Rem. Supp. 1943, § 8370-4, *et seq.*), violative of the commerce clause of the Federal constitution as it applied to sales in interstate commerce. In *Columbia Steel Co. v. State*, 34 Wn. (2d) 700, 209 P. (2d) 482 (1949), a judgment was affirmed which awarded the Columbia Steel Company a tax refund. The decision became final on February 27, 1950.

Subsequently, the tax commission held a hearing on respondent's petition for a refund of taxes. April 5, 1950, the commission entered its order which provided:

"It is the opinion of the Tax Commission that the tax payments which are the subject of this petition for refund were made voluntarily. It is the further opinion of the Tax Commission that the one year limitation upon refunds prohibits the granting of this petition as to any taxes paid more than one year prior to the receipt of the petition.

"A refund of the tax paid on January 25, 1946, in the amount of $146.80 is ordered."

April 27, 1950, respondent filed its complaint and notice of appeal in the superior court. The state pleaded affirmatively that the claim for refund, except for $146.80, had not been filed within one year from date of payment; hence, was barred by statute. The trial court entered judgment for respondent.

We can best consider appellant's assignments of error by analyzing the argument respondent advanced in support of the judgment. Respondent contends:

(1) that the taxes were paid involuntarily under duress and business compulsion;

(2) that the state tax commission lacked authority to determine the constitutional questions presented by respondent's claim for refund; hence, Laws of 1939, chapter 225, § 29, p. 1013, does not apply;

(3) that the one-year period of limitation, contained in Laws of 1939, chapter 225, § 29, appertains only to petitions before the tax commission and does not limit any other remedy available to respondent;

(4) that any statutory limitations of time upon respond-

ent's right to recover taxes paid prior to December 31, 1945, is in violation of the constitution of the United States and void.

It appears from the agreed statement of facts, that respondent never corresponded nor dealt with the tax commission relative to the validity of the imposition of the business and occupation tax upon it; that respondent never allowed the tax to become delinquent; that the tax commission never issued an assessment against respondent, never threatened the use of any collection procedures available by reason of the statute, never threatened to impose any penalty, nor had any contact whatsoever with respondent in respect to payment of the tax.

We cannot agree that this is sufficient showing to establish the fact that the tax was paid involuntarily under duress and business compulsion, unless it can be said, as a matter of law, that the statutory provisions for the enforcement and collection of the tax were self-executing and summary, a conclusion which a review of the statutes will not support. Thus, *Great Northern R. Co. v. State*, 200 Wash. 392, 93 P. (2d) 694 (1939), upon which respondent relies, is not apposite.

Respondent, at all times from January, 1942, through December, 1945 (the period in which the tax here involved was paid), had available a choice of remedies for its protection. It could have initiated an action for a refund (a procedure we will discuss later), and it could have sought an injunction to prevent the collection of the tax, upon the ground that the assessment thereof was in violation of the constitution of the United States (Rem. Rev. Stat. (Sup.), § 8370-198), a ground this court later held to be valid. *Columbia Steel Co. v. State*, 30 Wn. (2d) 658, 192 P. (2d) 976 (1948).

Respondent's position did not differ from that of every other taxpayer chargeable with knowledge that the taxing authorities will proceed to enforce a tax if it is not paid. We are of the opinion that neither the facts nor the law support the conclusion that respondent paid the tax involuntarily.

Respondent's second and third arguments in support of the judgment require a detailed study of the statute.

Since respondent paid the tax under the provisions of the act, § 29, chapter 225, Laws of 1939 (Rem. Rev. Stat. (Sup.), § 8370-199), again gives a choice of remedies.

*First*: respondent may, "within one year after such payment," petition the state tax commission for a reduction of the tax. The tax commission may grant or deny a hearing. If the hearing is denied or if the ruling of the commission is adverse, the taxpayer may, "within thirty days after the date of the notice denying such a hearing or after the date of the order," appeal to the superior court of Thurston county from which an appeal may be perfected to this court.

*Second*: respondent may

" . . . appeal to the superior court of Thurston County, within one year after the payment of such tax . . ."

It is apparent that the word "appeal" is used in a nontechnical sense, for the section concludes:

"It shall not be necessary for the taxpayer to protest against the payment of any tax or to make any demand to have the same refunded or to petition the Tax Commission for a hearing in order to appeal to the superior court, as herein provided; *but no court action or proceeding of any kind shall be maintained by the taxpayer to recover any tax paid, or any part thereof, except as herein provided.*" (Italics ours.)

(Rem. Rev. Stat. (Sup.), § 8370-199, part, was amended by Laws of 1951, 1st Ex. Ses., chapter 9, § 12, p. 28; RCW 82.32.180. The amendment has no application to this action, which was commenced prior to the amendment.)

Respondent chose the first statutory alternative. December 31, 1946, it filed its claim for refund with the tax commission. A hearing was held. April 5, 1950, the tax commission entered an order denying the claim for refund, except for $146.80. April 27, 1950, respondent filed its notice of appeal and complaint in Thurston county and filed the cost bond required by statute.

Respondent's petition to the tax commission for a tax refund presented the constitutional question of state

taxation of interstate commerce. This question was not resolved by the state tax commission; it was finally resolved by this court in the two *Columbia Steel Company* cases, *supra.*

When the tax commission entered its order of April 5, 1950, in which it stated that

". . . the one year limitation upon refunds prohibits the granting of this petition as to any taxes paid more than one year prior to the receipt of the petition,"

it was applying a statute to the facts before it. The constitutionality of the one-year statute of limitations did not become an issue until the matter was submitted to the superior court of Thurston county.

We cannot follow respondent's argument that the one-year period of limitations, contained in Laws of 1939, chapter 225, § 29, appertains only to petitions before the tax commission and does not limit any other remedy available to respondent.

First, respondent chose to file a petition for a refund with the tax commission and thus, admittedly, became subject to the one-year period of limitations. Second, even if respondent had elected to enter an original action in Thurston county for a refund, the statute is clear, as we have heretofore pointed out, that it must be commenced within one year after the payment of the tax.

Although it is undisputed that the collection of the tax upon respondent's interstate transactions was unconstitutional, it does not follow, as a matter of logic or law, that the statutory one-year limitation for the recovery of taxes is also unconstitutional.

A sovereign cannot be sued without its consent and permission and then only in the manner and to the extent provided by statute. *Weber v. School Dist. No. 7 of Yakima County,* 185 Wash. 697, 703, 56 P. (2d) 707 (1936); *Columbia Steel Co. v. State,* 34 Wn. (2d) 700, 712, 209 P. (2d) 482 (1949); *Pape v. Armstrong,* 47 Wn. (2d) 480, 489, 287 P. (2d) 1018 (1955). The consent may be qualified or conditional. *State ex rel. Thielicke v. Superior Court,* 9 Wn.

(2d) 309, 310, 114 P. (2d) 1001 (1941). It follows, that the state may limit the time in which to bring an action for refund of a tax illegally collected (see *Puget Sound Power & Light Co. v. King County*, 10 Wn. (2d) 424, 434, 116 P. (2d) 827 (1941)), provided the method and procedure established does not violate a constitutional right of the taxpayer.

We have already set forth in detail the exclusive statutory procedures which were available to respondent. We find them reasonable, fair, and adequate. They are subject to no condition except a time limitation of one year.

This fact distinguishes the instant case from *Carpenter v. Shaw*, 280 U. S. 363, 74 L. Ed. 478, 50 S. Ct. 121 (1930), upon which respondent relies. In the *Carpenter* case, the court struck down an Oklahoma statute which allowed a suit to recover a tax alleged to be illegally assessed only if the tax had been *paid* "at the time and in the manner provided by law." In other words, the taxpayer was without remedy unless the tax had been *paid* when due. We find no such limitation or deprivation of right under the statute before us.

We find *Ward v. Board of Com'rs of Love County*, 253 U. S. 17, 64 L. Ed. 751, 40 S. Ct. 419 (1920), upon which respondent relies, inapposite. The court mentions, but does not discuss, the Oklahoma statute of limitations applicable to the recovery of taxes, because the point was not discussed by the state court. The case was remanded and the point left open

". . . to that court to deal with the point as to the whole claim or any item in it as *any valid local law* in force when the claim was filed may require." (Italics ours.)

A remedy was afforded respondent; that remedy is declared by the statute to be exclusive. The establishment of an exclusive remedy against the state for the recovery of taxes illegally collected is not an invasion of constitutional rights, if the remedy afforded is fair and adequate and does not deprive the taxpayer of procedural due process. *Anniston Mfg. Co. v. Davis*, 301 U. S. 337, 81 L. Ed. 1143, 57 S. Ct. 816 (1937); see, also, *W. & J. Sloane v. Commonwealth*, 253

Mass. 529, 149 N. E. 407 (1925); *Kleban v. Morris*, 363 Mo. 7, 247 S. W. (2d) 832 (1952); *State ex rel. Victor Chemical Works v. Gay* (Fla.), 74 So. (2d) 560, 46 A. L. R. (2d) 1340 (1954).

The statute before us meets this test. Respondent did not request a refund by any of the procedures available to it within the time limit.

The judgment is reversed.

DONWORTH, C. J., MALLERY, and ROSELLINI, JJ., concur.

