[No. 7575. Decided June 14, 1909.]

L. A. Bender *et al., Respondents,* v. J. A. Ragan *et al., Appellants.*[1]

Deeds—Delivery—Priorities. Leaving a deed for the grantees with the notary who took the acknowledgment is a sufficient delivery to give the same priority over a judgment subsequently filed.

Principal and Agent—Proof of Agency—Testimony of Agent. An agent is competent to testify to the fact of the agency, such proof not being within the rule that agency cannot be proved by declarations of the agent.

Parties—Representations—Sheriffs—Costs. In an action to restrain a sheriff and creditor from making an execution sale of property, the sheriff is the real and not a nominal party in the trespass, and personally liable for the costs of suit.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered April 4, 1908, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to restrain an execution sale of real property, and to quiet title. Affirmed.

*James W. Bryan,* for appellants.

*B. B. Crawford,* for respondents.

Mount, J.—The plaintiffs brought this action to restrain a threatened execution sale of certain real estate in Kitsap county, and, also, to quiet title against a certificate of sale already issued. Issues of fact were joined, and a trial resulted in a judgment as prayed for in the complaint. The defendants have appealed.

[1]Reported in 102 Pac. 427.

A motion to strike the statement of facts is made, but there is no merit in the motion, and we shall not consider it further.

The only issue in the case at the trial was whether a deed executed by the grantors was delivered to respondents prior to the filing of a judgment against the grantors in Kitsap county. The trial court found that the deed was delivered prior to the filing of the judgment, and that the respondents were innocent purchasers for value. After reading the evidence, we are satisfied that the court could not have found otherwise. The notary who took the acknowledgment testified that the deed was left with him for the respondents.

Appellants argue, and cite some authorities to the effect, that agency cannot be proved by the declaration of the agent. That rule has no relevancy to this case, because here the agent himself testified directly as to his authority. He was competent to so testify, as much as the principal. This is not a case where the declarations of the agent are sought to be proved by third persons to show agency. The best evidence of that fact is the testimony of the agent or the principal. In this case we have the evidence of both to the same effect.

Appellants complain because a personal judgment was entered for costs against the sheriff. It is claimed that the sheriff is only a nominal party. While it is no doubt true that the sheriff here is acting at the instance of the judgment creditor, he is the real party in the trespass in this case, and is, therefore, primarily liable. *Scott v. McGraw,* 3 Wash. 675, 29 Pac. 260. This case is not controlled in this respect by the rule in mandamus cases cited by appellants, where the judge of the court is a mere nominal party and, therefore, not liable for costs.

We find no error in the record, and the judgment must therefore be affirmed.

ALL CONCUR.