[No. 9100. Department One. November 30, 1910.]

## G. A. Singer et al., *Appellants*, v. Guy Investment Company, *Respondent*.[1]

Vendor and Purchaser—Rescission by Vendee—Fraud of Agent—Evidence of Relation—Sufficiency. In an action by vendees to recover earnest money, paid upon representations of the alleged agent of the vendor, the evidence sufficiently shows that such agent was the agent of the vendees where the agent testified that he was representing the vendees, who did not deny the same, and the agent in a letter objected to defects shown by the abstract.

Principal and Agent—Existence of Relation—Evidence of Agent. The declarations of an agent as to whom he represented are competent where they form part of his testimony in the case.

Vendor and Purchaser—Rescission by Vendee—Fraud—Evidence—Admissibility. In an action to recover earnest money, paid on false representations by and through certain maps that lots were contiguous, it is not error to sustain an objection to a question as to where plaintiffs' agent got the maps, where no offer was made to show that the maps did not come from the defendant or its agents and it appears that they did not.

Same—Defects in Title—Abstract. In an action to rescind a sale for defects in the title, an objection that the abstract does not show whether a certain grantee in the chain was married or single is unavailing where such grantee made affidavit that she was a widow when she received the title.

Same. Upon objection to an abstract upon one specified ground, other grounds are waived.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 8, 1909, in favor of the defendant, in an action on contract. Affirmed.

*John H. Allen*, for appellants.
*Fred H. Peterson* and *Philip D. Macbride*, for respondent.

Gose, J.—Plaintiffs instituted this action to recover earnest money paid upon a real estate contract, and have appealed from a judgment entered against them.

[1]Reported in 111 Pac. 886.

The contract is as follows:

"R. C. Erskine, Real Estate and Loans, 712 New York Block.

'Seattle, Wash., March 10th, 1909.

"Received from Mr. G. A. Singer five hundred ($500) dollars, being a deposit to secure the purchase of lots three (3) and four (4), block four (4), Randall's Addition, and lot thirteen (13), block seventeen (17), Randall's Third Addition to the City of Seattle, for eight thousand ($8,000) dollars on the following terms: Five hundred ($500) dollars as herein receipted for; seven thousand five hundred ($7,500) dollars within ten days from delivery of an abstract showing good title.                    The Guy Invest. Co.

"If given for earnest money, the conditions on the back of this receipt are referred to and made a part hereof.

"$500.   R. C. Erskine & Company.

(On the reverse side):

"Rents and interest on mortgages, if any, are to be apportioned from date deed is delivered. An abstract of title is to be furnished and ten days allowed for examination. If the title to the said premises is not good, or cannot be made good within 30 days, or if the owner does not approve the above sale, this agreement is void, and the earnest money herein receipted for shall be refunded. But if the title to the said premises is good, and the sale is approved by the owner, and the purchaser fails to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to R. C. Erskine and owner equally.

"The property is to be conveyed by good and sufficient warranty deed of conveyance, free and clear of all liens and incumbrances of every nature whatsoever, no exceptions of any nature, save only that the purchaser has consented to assume one-half of not to exceed $350 of taxes and assessments.

"Time is the essence of this contract.

                    "R. C. Erskine & Company, Agents.

"I hereby agree to purchase said property on the above terms and pay $8,000—as herein specified.   G. A. Singer, Purchaser.

(Endorsed:)

"I have received the within deposit, accept the terms of this sale and agree to pay to Guion & Company for equal division

with R. C. Erskine & Company the regular commission when the deal is closed        The Guy Invest. Co., Owner."

The complaint charges that the abstract of title to the property discloses that the respondent's title "was defective in several particulars," and that there is "a strip of about ten feet wide between lots 3 and 4, block 4, Randall's Addition, and lot 13, block 17, Randall's Third Addition," to which it had no title and that at the time the contract was made the respondent represented to appellants that the lots were contiguous, and that they relied upon the representation.

The contention is that the contract which we have set forth, supplemented by the parol testimony, discloses that R. C. Erskine was the agent of the respondent; and that, if he was not actually its agent, he assumed to act for it, and that, having accepted the benefits of the contract, it is holden for his representations. The evidence clearly shows that the map which Mr. Erskine had showed the lots to be contiguous, and that he represented to the appellants, that the property was a compact tract. It also appears that the appellants informed him that they were purchasing the lots for a residence, and that they wanted contiguous property. There is a narrow, wedge-shaped strip of land between the two additions, having a width of about ten feet at one end and about one foot at the other. In making the representation, Erskine relied entirely upon his maps. We think, however, the learned trial court correctly resolved the case upon the facts, in holding that Erskine was the appellants' agent. There is nothing in the written instrument indicating that he was acting for the respondent. It is true that R. C. Erskine & Company signed the contract as agents, but for whom, the instrument does not disclose. The respondent signed both the receipt for the earnest money and the acceptance of the terms of the contract. The appellant husband also signed for himself. It is, therefore, apparent that the signature of Erskine & Company affords no presumption that it acted for the respondent. Nor can it be said that the provision for a division of the com-

mission, in the light of the evidence, is of any probative force in favor of the appellants. The contract was delivered to them, and they must be held to have knowledge of its contents. *Dormitzer v. German Sav. & Loan Society*, 23 Wash. 132, 62 Pac. 862.

The appellant husband testified that, in making the purchase, he dealt with Erskine, and paid him the earnest money. Mr. Erskine testified that, "Mr. Singer was looking for a good corner, and I submitted various corners to him and finally he decided that he was willing to pay the price . . . shown in the earnest money receipt, and *we* submitted that proposition to Mr. Guy through his agent, and the deposit was accepted;" that he was acting for Mr. Singer; that Guion & Company was the agent of the respondent; that the sign of the latter was on the land, and through courtesy he submitted the appellants' offer to it; that he had had no previous conversation, either with Guion & Company or with the respondent, relative to the property. Mr. Goddard, who acted for Guion & Company in the transaction, testified that Mr. Erskine rang him up to inquire if they had the property for sale; that he informed him that Guion & Company represented Mr. Guy who owned the property, and that Mr. Erskine said, "he had a purchaser for it if it could be had at a certain price, and wanted to get our price;" that he supposed Erskine represented Mr. Singer; "he said he was. I only knew what Mr. Erskine told me, that he was representing Mr. Singer. That's all I know about it. He told me he was representing Mr. Singer." Erskine paid the earnest money to Goddard, and through the latter the contract was executed by the respondent, returned to Erskine, and by him delivered to appellants. The appellant husband does not deny Erskine's statement that the latter was his representative, nor does Erskine deny that he told Mr. Goddard that he was acting for the appellants. Indeed, we think that the evidence clearly discloses that all the parties to the transaction regarded Erskine as the agent of the appellants. This view is strengthened by the

following letter written by Erskine & Company to Mr. God-dard:

"April 5, '09.

"Mr. Ralph Goddard, Agent for G. O. Guy,

Guion & Company, Seattle.

"Dear Sir:   Mr. G. A. Singer, who has personally notified you by means of his attorney's opinion, of certain defects in the title to lots 3 and 4, block 4, Randall's Addition, and lot 13, block 17, Randall's Third Addition, has requested me, in his attorney's absence from the city, to inform you of a further defect in that the lots are not contiguous, a strip of unplatted land extending between the two additions.   Yours very truly, R. C. Erskine & Company."

The declarations of an agent as to whom he represented are competent evidence where they form a part of his testimony in the case.   *Service v. Deming Inv. Co.*, 20 Wash. 668, 56 Pac. 837.   In *Bender v. Ragan*, 53 Wash. 521, 102 Pac. 427, in considering this question, we said:

"Appellants argue, and cite some authorities to the effect, that agency connot be proved by the declarations of the agent. The rule has no relevancy to this case, because here the agent testified directly as to his authority.   He was competent to so testify, as much as the principal."

The court distinguished such testimony from the declarations of the agent as to his agency when such declarations were sought to be proved by a third person.   As was said in the *Service* case, counsel will be permitted to cross-examine as to the grounds upon which the conclusion or opinion is based. But if we should reject the statement of Erskine that he was representing the appellants, we think the evidence warranted the court in reaching that conclusion.   The view we have taken upon the facts makes it unnecessary to review the appellants' authorities.   They all proceed upon the principle that the party either was or assumed to be the agent of the party sought to be charged with liability.

While upon the witness stand Mr. Erskine, in the redirect examination, was asked where he procured the maps which showed the lots to be contiguous.   An objection to this ques-

tion was sustained. This, the appellants assert, was error. No offer was made to show that they came through the respondent or its agent Guion & Company. Moreover, we think the subsequent testimony shows that they did not come from such source. It is not shown that either Guion & Company or the respondent made any representation to either the appellants or Erskine as to the situation of the property, other than the written contract. There was no error in the ruling.

Finally, it is contended that the abstract of title does not show whether a certain grantee in the chain of title was married or single when she acquired the property. There are two answers to this contention. First, we think the evidence was supplied in the form of the affidavit of the party that she was a widow when she acquired the title and that as such she conveyed it. The learned trial court, in passing on this objection to the title, aptly observed that "her statement under oath, that she was a widow at the time she obtained title to the property would certainly be as binding as the mere recitation in the deed" to that effect. Second, we think the inference from all the evidence is that all the objections to the title, other than the question of the contiguity of the property, were waived.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.