KENNEDY, Justice.
Circuit Judge John C. Calhoun petitions for a writ directing the Court of Civil Appeals to quash its July 22, 1996, writ of mandamus and to order that Judge Sandra Ross Storm may properly hear the issues certified by Judge Calhoun on May 30, 1996. The Court of Civil Appeals did not issue an opinion with its writ of mandamus. Ex parte J.S.N., 690 So.2d 562 (Ala.Civ.App.1996) (table).
On March 17, 1995, J.S.N. filed a divorce complaint in the Jefferson County Circuit Court. He also sought a temporary restraining order (“TRO”) prohibiting his wife, T.G.N., from removing their child from the state. On March 20, 1995, T.G.N. filed a petition for “protection from abuse” in the Jefferson County Circuit Court, Family Court Division. In Jefferson County, the circuit court has jurisdiction over divorce proceedings, while the Family Court Division has jurisdiction over juvenile proceedings. Occasionally, the jurisdiction is concurrent. According to Judge Calhoun, neither T.G.N. nor the family court judge, Judge Sandra Ross Storm, was aware at the time of the filing of that petition that J.S.N. had filed a divorce complaint.[1] Judge Storm issued a TRO and scheduled a hearing on T.G.N.’s petition for March 27,1995.
On March 21, 1995, Judge Wadell Zanaty granted J.S.N.’s motion for a TRO prohibiting T.G.N. from removing the child from the state; he also set a hearing on the issue of temporary custody of the child for April 11, *260 1995. On March 22, 1995, J.S.N. moved to set aside the TRO issued by Judge Storm and moved to transfer the hearing on the wife’s petition from Judge Storm of the Family Court Division to Judge Zanaty. Judge Storm denied the motions and held a hearing on March 27, 1995, on T.G.N.’s petition. After the hearing, Judge Storm entered an order restraining J.S.N. from committing any abuse against T.G.N. and granting temporary custody of the child to T.G.N.
On April 5, 1995, in Judge Zanaty’s court, T.G.N. moved for custody of the child and for a restraining order. Judge Zanaty ordered that the issues of child custody, child support, and visitation with the child be heard in the Family Court Division because Judge Storm had taken jurisdiction of those matters. Judge Zanaty certified the issues to Judge Storm pursuant to § 12-15-30, Ala. Code 1975.
On June 16, 1995, Judge Zanaty declined to rule on the motion for sale of real estate that was filed with J.S.N.’s divorce complaint, citing the Family Court Division’s jurisdiction over the issue. On June 30, 1995, after receiving notice of Judge Zanaty’s order referring the issues to the Family Court Division, Judge Storm declined to accept the transfer, citing § 30 — 5—7(b) (as that section read before the October 29, 1995, amendment) (part of the “Protection From Abuse Act”), which limits the duration of protective orders to one year (the one-year period had not expired).
On January 26, 1996, Judge Calhoun took over all cases assigned to Judge Zanaty, after Judge Zanaty retired.
On March 15, 1996, Judge Calhoun declined to enforce the orders of the Family Court Division and amended his previous order, stating that the circuit court would hear the divorce between the parties and those issues pertaining to the parties’ second child, who had been bom after the Family Court Division had taken jurisdiction. Judge Calhoun certified the remaining issues to Judge Storm.
On April 30, 1996, J.S.N. petitioned the Court of Civil Appeals for a writ of mandamus, seeking an order that would free the parties from being required to endure two trials before two separate judges. On May 30,1996, Judge Calhoun and Judge Storm, in response to the petition for the writ of mandamus, stated that a resolution of the alleged conflict between the two court divisions had been reached and that the resolution would allow a speedy, efficient, and just review of all issues between the parties and that this fact would allow Judge Storm to accept all issues, except the question of the divorce itself, which would be dealt with by Judge Calhoun. The judges further answered that the l'Oth Judicial Circuit, based upon existing jurisdictional law, had agreed upon a policy that would resolve future conflicts between the divisions that might result from orders issued by the Family Court Division. Because the problem of two separate trials had been solved, the judges asked that the petition for the writ of mandamus be dismissed.
On July 22, 1996, the Court of Civil Appeals issued a writ of mandamus directing Judge Calhoun to hear all the issues regarding the parties’ divorce, including division of the marital property, child custody, child visitation, and child support.
Judge Calhoun argues that the writ issued by the Court of Civil Appeals was improper, based on existing jurisdictional law pertaining to circuit courts. He argues that the Court of Civil Appeals, in response to J.S.N.’s mandamus petition, improperly reviewed Judge Calhoun’s exercise of discretion to certify issues to Judge Storm and farthered J.S.N.’s efforts to forum shop. Judge Calhoun also argues that Judge Storm improperly rejected the certifications of Judge Zanaty and Judge Calhoun, pointing out that under § 12-15-30 other courts may certify questions pertaining to custody or guardianship to the juvenile court for a hearing and determination or for a recommendation. Judge Calhoun also argues that this case involves an intracircuit certification and that this Court has held:
“Jurisdiction over divisional matters are still vested in the entire circuit court; a judge receiving a case that belongs in another division may transfer that case to the proper division, but if the transfer is not *261 made, the original judge still retains jurisdiction over the ease.”
Ex parte Boykin, 611 So.2d 322, 326 (Ala.1992).
Based on Boykin, Judge Calhoun argues that after first ruling on crucial issues related to the divorce process and then continuing to issue orders, as opposed to transferring to the circuit court after receiving notice of the divorce complaint, Judge Storm improperly rejected the certifications of Judge Zanaty and Judge Calhoun. To date, Judge Storm has already ruled on most of the issues related to the divorce; to require Judge Calhoun now to hear those issues in a separate proceeding would be duplicative and unnecessary, and to do so is not required by a clear legal right on the part of J.S.N. Judge . Calhoun argues that all the issues of the dispute between the parties, with the exception of actually entering a divorce judgment, have been vested in Judge Storm. Allowing Judge Storm to deal with all those matters will allow her to enforce prior orders and to issue additional orders that may be necessary. Judge Calhoun also argues that there is no longer an issue of having two separate trials, because all the issues can be presented to Judge Storm.
A writ of mandamus should issue directing the Court of Civil Appeals to quash its July 22, 1996, writ of mandamus and to order Judge Storm to hear the issues certified by Judge Calhoun.
Pursuant to § 12-15-30, the juvenile court generally has exclusive jurisdiction over child custody proceedings. However, § 12-15-30(b)(1) specifically provides the following exception:
“ This provision, however, shall not be construed to deprive other courts of the right to determine the custody or guardianship of the person of the children when such custody or guardianship is incidental to the determination of cases pending in those courts. Such courts, however, may certify said questions to the juvenile court for hearing and determination or recommendation.”
Here, we have a case of concurrent jurisdiction. J.S.N.’s divorce complaint and his motion to prevent T.G.N. from removing the child from the state vested the circuit court with jurisdiction. Three days later, the Family Court Division had jurisdiction over T.G.N.’s proteetion-from-abuse petition. T.G.N. never objected to the circuit court’s exercise of jurisdiction. “Unless there is objection, even though one court has assumed jurisdiction of a matter, another court with concurrent authority may act in the same matter.” Sheffield v. Sheffield, 350 So.2d 1056 (Ala.Civ.App.1977).
Thus, in spite of the fact that Judge Storm had issued previous orders concerning child custody (regarding the first child), the circuit court, which had concurrent jurisdiction, could also rule on custody matters (regarding the later-bom second child). However, the circuit court certified the custody issues to the Family Court Division, but retained the divorce action.
The circuit court was within its authority to certify the issues. J.S.N.’s reason for requesting relief from the Court of Civil Appeals was to prevent the unnecessary expense of having two trials. This problem has been remedied by the certification; therefore, J.S.N. did not have a clear legal right to the relief requested from the Court of Civil Appeals. Accordingly, we grant Judge Calhoun’s petition for the writ of mandamus. The Court of Civil Appeals is directed to quash its writ of mandamus and to direct Judge Storm to hear the issues certified by Judge Calhoun.
WRIT GRANTED. *
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, and BUTTS, JJ., concur.

. Apparently, T.G.N. had not been served.

 Note from the Reporter of Decisions: On Feb- . ruary 18, 1997, the Court of Civil Appeals entered the following order: "Pursuant to the directive of the Supreme Court of Alabama, the writ of mandamus is quashed and Judge Storm is directed to hear the issues certified by Judge Calhoun."