MOORE, Judge.
In appeal no. 2140963, Judge John E. Enslen, in his official capacity as the probate judge of Elmore County, appeals from a judgment entered by the Elmore Circuit Court (“the circuit court”), in circuit-court case no. CV-15-64, granting a petition for a writ of mandamus filed by the Alabama Department of Transportation (“the DOT”) against Mercer Properties, Inc., and directing Judge Enslen to vacate his order conditionally dismissing a condemnation action that had been instituted in the probate court by the DOT against Mercer Properties. In appeal no. 2140964, Judge Enslen, in his official capacity as the probate judge of Elmore County, appeals from a judgment entered by the circuit court, in circuit-court ease no. CV-15-65, granting a petition for a writ of mandamus filed by the DOT against Willow Bend Properties, Inc., and directing Judge Enslen to vacate his order conditionally dismissing a condemnation action that had been instituted in the probate court by the DOT against Willow Bend Properties. We dismiss the appeals.

Procedural History

On March 10, 2015, the DOT filed in the probate court an “Amended Petition to Condemn Real Property and for an Order of Condemnation” regarding certain real property located in Elmore County owned by Mercer Properties (“the Mercer Properties action”). That same day, the DOT filed an “Amended Petition to Condemn Real Property and for an Order of Condemnation” regarding certain real property located in Elmore County owned by Willow Bend Properties (“the Willow Bend Properties action”). The probate court entered separate orders granting the amended petitions that same day, and, on March 31, 2015, the probate court “appointed Commissioners to assess the damages and *843 compensation to which [the owners of the property were] entitled” in both eases.
Although it is not clear from the record whether the cases were consolidated before the probate court, the record does not contain a transcript of any hearing that took place in the probate court in either the Mercer Properties action or the Willow Bend Properties action. It is apparent from the record, however, as well as the parties’ briefs to this court, that the sole evidence presented by the DOT in the probate court regarding the value of the property owned by Mercer Properties and the value of the property owned by Willow Bend Properties were letters that the DOT had sent to Mercer Properties and to Willow Bend Properties, respectively, both of which “summarized the appraisal and how much the value of the property was worth.” Both Mercer Properties and Willow Bend Properties moved the probate court to dismiss the cases based on the DOT’s failure to present sufficient evidence of the value of the subject properties. On April 28, 2015, the probate court entered separate, but almost identical, orders in the Mercer Properties action and the Willow Bend Properties action in which it stated:
“Now before the Court is Defendant’s oral motion at the close of [the DOT’s] case to dismiss due to [the DOT’s] failure to offer any admissible, legal evidence to the Commissioners on the fair market value of the subject property before or after the taking, and [the DOT’s] refusal to accept the Court’s offer to continue the case to a later date and re-open [the DOT’s] case so such evidence could be admitted, and after due consideration the Court hereby FINDS, ADJUDGES and DECREES as follows:
“The Court finds that no legal, admissible evidence of the only accepted valuation methodology, the ‘before and after’ methodology, was offered by [the DOT], See Cullman v. Moyer, 594 So.2d 70 (Ala.1992); Chandler v. State, 910 So.2d 108 (Ala.Civ.App.2004); Ala.Code [1975,] § 18-1A-170. [The DOT’s] failure was intentional. [The DOT’s] failure, and refusal, to offer legal evidence to the Commissioners denies Defendant] the due process and procedural protections guaranteed [it] by the Constitution and by the Alabama Eminent Domain Code. This is, at best, a failure to prosecute or it is an abuse of condemnation process.
“Therefore, it is hereby Ordered that this action is conditionally dismissed unless [the DOT], in the next 30 days, request[s] a new trial date at which [it] intend[s] to offer legal, admissible evidence, in which case this action will be reinstated and re-set for a trial. If [the DOT] continue^] to refuse to offer legal, admissible evidence, then this Court will hold another hearing concerning the award of litigation expenses for the Defendant ] and sanctions against [the DOT].”
(Capitalization in original.)
On April 29, 2015, the DOT filed a response to the motions to dismiss that had been filed in both the Mercer Properties action and the Willow Bend Properties action. On May 6, 2015, the DOT filed motions in both actions asking the probate court to reconsider its judgments; the DOT incorporated into those motions the responses it had filed to the motions to dismiss. On May 14, 2015, the DOT filed, in both actions, supplements to its motions to reconsider. On May 15, 2015, the probate court denied the motions to reconsider filed in both the Mercer Properties action and the Willow Bend Properties action.
On June 12, 2015, the DOT filed a petition in the circuit court, requesting the circuit court to issue “a writ of mandamus directing the Probate Court to vacate and *844 reverse its May 15, 2015 order [in the Mercer Properties action] and to appoint new commissioners to conduct a commissioners hearing in accordance with Ala. Code [1975,] § 18-14-281”; that petition was assigned case no. CV-15-64. That same day, the DOT filed a separate petition in the circuit court seeking the same relief regarding the Willow Bend Properties action; that petition was assigned case no. CV-15-65. On July 21, 2015, Mercer Properties and Willow Bend Properties filed answers to the petitions. On July 22, 2015, the DOT filed amended petitions for a writ of mandamus.
On July 29, 2015, the circuit court entered a judgment in the Mercer Properties action granting the DOT’S petition for a writ of mandamus; on August 4, 2015, the circuit court entered a judgment in the Willow Bend Properties action granting DOT’s petition. In both the Mercer Properties action and the Willow Bend Properties action, the circuit court directed Judge Enslen to vacate the probate court’s orders of conditional dismissal, finding that “the Offer letter and other evidence submitted by [the DOT] and admitted by the Probate Court complied with Aa.Code [1975,] § 18-1A-281,” and “that no additional evidence or testimony was required to be submitted at the commissioners hearing under the Alabama Eminent Domain Code”; the circuit court ordered that a new hearing be held and instructed the probate court that “any party in interest ,.. may in accordance with ... § 18-1A-281 offer any legal evidence but no party ■will be required to present expert testimony or other evidence regarding the value of the subject property.” On August 11, 2015, Judge Enslen filed in each action a notice of appeal to the Alabama Supreme Court. That court subsequently transferred the appeals to this court, pursuant to Ala.Code 1975, § 12-2-7(6). The appeals have been consolidated by this court ex mero motu.

Discussion

We initially note that the DOT has argued that Judge Enslen lacks standing to appeal in these actions. Judge Enslen appealed from the circuit court’s orders purportedly pursuant to Ala.Code 1975, § 12-22-6, which provides, in pertinent part, that “[a]ppeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of .., mandamus.... ” Judge Enslen cites several cases in which judges sought review from appellate courts after writs of mandamus had been issued to them. See, e.g., Ex parte State ex rel. Alabama Policy Inst., 200 So.3d 495, 511 (Ala.2015); Ex parte Vance, 900 So.2d 394 (Ala.2004); and Ex parte Calhoun, 688 So.2d 259 (Ala. 1997). However, none of those cases involve an appeal of a mandamus order under § 12-22-6. Thus, this case raises an issue of first impression as to whether a probate-court judge has standing to appeal from a writ of mandamus issued by a circuit court.
“Only a party prejudiced or aggrieved by a judgment can appeal,... ‘A party cannot claim error where no adverse ruling is made against him.’” Alcazar Shrine Temple v. Montgomery Cty. Sheriff’s Dep’t, 868 So.2d 1093, 1094 (Ala.2003) (quoting Holloway v. Robertson, 500 So.2d 1056, 1059 (Ala.1986)). Although we have found no Alabama law on the specific issue at hand, persuasive authority from other jurisdictions indicates that, when a respondent judge in a circuit-court mandamus proceeding is merely a nominal party, the judge may not appeal. In People v. Recorder’s Court Judge, 66 Mich.App. 315, 316, 239 N.W.2d 185, 185 (1975), the Michigan Court of Appeals held that “a judge, who was the nominal defendant in the circuit court, [is not] an aggrieved party before [the appellate court] .,. who has standing to appeal an order of superin *845 tending control issued by the circuit court.” See also Bender v. Ragan, 53 Wash. 521, 522, 102 P. 427, 428 (1909) (noting that, in mandamus proceedings, “the judge of the court is a mere nominal party”).
In appellate proceedings in this state, Rule 21(b), Ala. R.App. P., allows a respondent judge, who is only a nominal party in a mandamus proceeding, to opt out of the proceedings.[1] The Committee Comments to Rule 21 state, in pertinent part:
“If the judge who is named as respondent does not desire to appear in the proceeding, he may so advise the clerk of the appellate court and the parties. His failure to appear does not admit that the petition is to be granted. This provision simply recognizes the reality that mandamus proceedings are in most instances adversary proceedings between the parties to the litigation below, and that the judge is really a nominal party rather than an active party. There are, however, instances in which the judge would consider that he is directly affected and would wish to appear, and the rule permits this. Since the counsel for the opposing party ordinarily files the brief for the judge, this practice would be given a straightforward literal application rather than continuing in the guise of a proceeding in the judge’s name.”
(Emphasis added.) In this case, when the DOT filed its petitions for a writ of mandamus in the circuit court, the DOT served Judge Enslen, but Judge Enslen never answered the petitions or otherwise appeared in the proceedings. Mercer Properties and Willow Bend Properties filed responses to the petitions. The circuit court held oral argument and ruled on the petitions without Judge Enslen participating in any of the proceedings.
In his brief to this court, Judge Enslen maintains that the circuit court erred in construing § 18-1A-281, Ala.Code 1975, and in ordering him to reinstate the eminent-domain proceedings without requiring additional evidence of the value of the properties. In essence, Judge Enslen complains that the circuit court ordered him to perform a legally erroneous act. However, Judge Enslen does not argue that the circuit court ordered him to perform a legally impermissible act that would subject Judge Enslen to personal or even official liability. Thus, Judge Enslen has not been personally “aggrieved” by the writs of mandamus issued by the circuit court. We, therefore, conclude that Judge Enslen was merely a nominal party in the cases at issue and, therefore, lacks standing to appeal.[2] Accordingly, we dismiss the appeals in both cases.
2140963—APPEAL DISMISSED.
2140964—APPEAL DISMISSED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, with writing.

. Rule 21 does not apply to mandamus proceedings in the circuit courts. See Rule 1, Ala. R.App. P.

. For that reason, we do not address Judge Enslen's other arguments on appeal. Accordingly, we do not express any opinion as to whether the circuit court acquired jurisdiction and properly issued the writs of mandamus.