Rel: February 20, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0493

_____

**Judge Linda F. Coats**

**v.**

**State of Alabama**

**Appeal from Madison Circuit Court**
**(CV-25-94)**

_____

### SC-2025-0535

_____

**Jordan Ray Henshaw**

**v.**

**State of Alabama**

**Appeal from Madison Circuit Court**
**(CV-25-94)**

MENDHEIM, Justice.

Judge Linda F. Coats and Jordan Ray Henshaw separately appeal from a Madison Circuit Court order insofar as it issued a writ of mandamus to Judge Coats requiring her to vacate a portion of an order she had entered in a protection-from-abuse case that had been filed by Henshaw's girlfriend, Mikaela Williams. Judge Coats and Henshaw also separately appeal from that same Madison Circuit Court order insofar as it issued a writ of mandamus requiring Judge Patricia D. Demos to vacate her order dismissing a domestic-abuse charge against Henshaw that stemmed from the same incident that led to the protection-from-abuse case. We dismiss Judge Coats's appeal, and we dismiss in part Henshaw's appeal, and transfer it to the Court of Criminal Appeals.

## I. Facts

On March 10, 2025, Williams filed a petition for protection from abuse ("PFA") against Henshaw in the Madison Circuit Court, pursuant to the Protection from Abuse Act ("the PFAA"), Ala. Code 1975, § 30-5-1 et seq. The petition alleged that Henshaw and Williams were in a dating relationship and that, on March 9, 2025, Henshaw had hit, choked, and punched Williams. The PFA petition was assigned case number DR-2025-3118 ("the PFA case"). Judge Coats, a district-court judge in Madison County, was assigned the PFA case because, on January 2, 2025, she had been appointed as a special circuit-court judge by Madison County's then-Presiding Circuit Judge Alison Austin.[1] In her capacity as a special circuit-court judge, Judge Coats, on March 10, 2025, granted an

---

[1]Presumably Judge Coats's appointment was made pursuant to Rule 13(A), Ala. R. Jud. Adm., which provides:

> "(A) A presiding circuit court judge, by order, may assign a judge who is within the circuit to serve within the circuit courts or within the district courts of the circuit. Before assigning a judge, the presiding circuit court judge shall evaluate the needs of the circuit, including the currency, congestion, and backlog of criminal and civil cases. This assignment shall continue until revoked by the presiding judge or until the assigned judge leaves office, whichever comes first."

ex parte protection order against Henshaw that restrained him from having any contact with Williams until a further order was entered by Judge Coats, and she set a hearing for the PFA petition to be held on March 24, 2025. On that same date, Judge Coats also entered in the PFA case an "Order for Separate Accommodations" that would allow Williams to have "separate accommodations from [Henshaw] while waiting at the courthouse for scheduled court appearances." That order expressly listed Judge Coats as sitting as "Special Circuit Judge." Because Henshaw initially was unable to be located for service of the PFA petition, Judge Coats entered an order on March 26, 2025, resetting the hearing on the PFA petition for May 5, 2025. That order also expressly listed Judge Coats as sitting as "Special Circuit Judge."

On March 11, 2025, an arrest warrant was issued for Henshaw, charging him with domestic violence in the third degree based on the same conduct that formed the basis of the PFA petition. On April 23, 2025, Henshaw was arrested for the criminal charge, and he was served the PFA petition. The criminal case was brought by the Madison County District Attorney against Henshaw in the Madison District Court before

4

Judge Patricia D. Demos, and it was assigned case number DC-2025-2191 ("the criminal case").

On May 2, 2025, Henshaw's counsel filed in the PFA case a "Motion for Pre-Trial Immunity Hearing and Motion to Dismiss."[2] In that motion, Henshaw asserted that "he is immune from prosecution based on a theory of self-defense pursuant to § 13A-3-23(a), (b) & (d), Code of Alabama, 1975." Henshaw argued that he was "entitled to a pretrial immunity hearing" based on his "claim of self-defense pursuant to § 13A-3-23(a), (b) & (d), Code of Alabama, 1975," and asked Judge Coats to "find [Henshaw] immune from prosecution and/or civil action, and, accordingly, dismiss this cause, discharging [Henshaw] from any further obligation to the court in relation to the matters giving rise to the action here within." In other words, Henshaw argued that he was entitled to a hearing for statutory stand-your-ground immunity under § 13A-3-23(d), Ala. Code 1975.[3] The Madison County District Attorney did not receive notice of Henshaw's immunity motion filed in the PFA case.

---

[2]Although Henshaw's counsel filed the motion in the PFA case, the header for the motion stated: "In the District Court of Madison, County, Alabama."

[3]Section 13A-3-23(d), Ala. Code 1975, provides:

On May 5, 2025, Judge Coats held a pretrial hearing on the issue whether Henshaw was entitled to statutory stand-your-ground immunity in the PFA case. On May 7, 2025, Henshaw's counsel submitted in the

---

"(d)(1) A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.

"(2) Prior to the commencement of a trial in a case in which a defense is claimed under this section, the court having jurisdiction over the case, upon motion of the defendant, shall conduct a pretrial hearing to determine whether force, including deadly force, used by the defendant was justified or whether it was unlawful under this section. During any pretrial hearing to determine immunity, the defendant must show by a preponderance of the evidence that he or she is immune from criminal prosecution.

"(3) If, after a pretrial hearing under subdivision (2), the court concludes that the defendant has proven by a preponderance of the evidence that force, including deadly force, was justified, the court shall enter an order finding the defendant immune from criminal prosecution and dismissing the criminal charges.

"(4) If the defendant does not meet his or her burden of proving immunity at the pre-trial hearing, he or she may continue to pursue the defense of self-defense or defense of another person at trial. Once the issue of self-defense or defense of another person has been raised by the defendant, the state continues to bear the burden of proving beyond a reasonable doubt all of the elements of the charged conduct."

PFA case a draft order granting Henshaw immunity.[4] On May 8, 2025, Judge Coats entered an "Order on Immunity Hearing and Order Denying Petition for Protection from Abuse."[5] In that order, Judge Coats stated that she

> "conducted the pre-trial immunity hearing in accordance with Alabama law to determine whether [Henshaw] acted within the parameters of Alabama law regarding the issue of self-defense, and whether the law entitled [Henshaw] to immunity from criminal prosecution and civil action arising from the conduct alleged, as provided in Ala. Code § 13A-3-23(d)(1). Present for the hearing was the Plaintiff/Petitioner, M[i]kaela Williams, pro se, [and] Defendant/Respondent, Jordan Henshaw, who was represented by his Attorney of Record, Larry Marsili.
>
> "At the hearing, the Court took evidence, including the sworn testimony of both [Williams] and [Henshaw], as well as testimony from other witnesses called to testify by [Williams]. Details of allegations of abuse and assault resulting from an altercation involving the parties on or about March 9, 2025, were the subject of the litigation.
>
> "Having considered the evidence and testimony, this Court finds that [Henshaw] acted lawfully in self-defense in

---

[4]Like Henshaw's motion, the draft order's header stated: "In the District Court of Madison County, Alabama," and below the blank signature line for Judge Coats it stated: "District Judge."

[5]The May 8, 2025, order was identical to the draft order submitted by Henshaw's counsel in every way except that it contained a handwritten "8" in the blank for the day it was entered and contained Judge Coats's signature above her printed name. Thus, the designation "District Judge" remained below Judge Coats's printed name.

7

accordance with the provisions of Ala. Code § 13A-3-23. The giggling, smirking and general demeanor of [Williams] during her testimony was particularly troubling to the Court with respect to her credibility. The Court further finds that specifically Ala. Code § 13A-3-23(c)(1), (c)(2), and (c)(3) are not applicable so as to bar [Henshaw] from prevailing on a claim of self-defense under this Code section.[6] As such, [Henshaw] is entitled to the relief requested of immunity from criminal prosecution and civil action resulting from the altercation between the parties, which was the subject of the proceedings.

"It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that [Williams's] Petition for Protection from Abuse is **DENIED**, and the Court's previous Ex parte Order

---

[6]Section 13A-3-23(c), Ala. Code 1975, provides:

"(c) Notwithstanding the provisions of subsection (a), a person is not justified in using physical force if:

"(1) With intent to cause physical injury or death to another person, he or she provoked the use of unlawful physical force by such other person.

"(2) He or she was the initial aggressor, except that his or her use of physical force upon another person under the circumstances is justifiable if he or she withdraws from the encounter and effectively communicates to the other person his or her intent to do so, but the latter person nevertheless continues or threatens the use of unlawful physical force.

"(3) The physical force involved was the product of a combat by agreement not specifically authorized by law."

8

for Protection from Abuse entered on March 10, 2025, is **WITHDRAWN** and **VACATED**."

(Capitalization and bold typeface in original; other emphasis added.)

On the same day, May 8, 2025, Henshaw filed a "Motion to Dismiss" in the criminal case. In his motion, Henshaw related that there had been a pending PFA case "concerning the same allegations which give rise to the instant case." Henshaw's motion then stated:

"4. After a hearing on the merits, a determination was made by the Court that [Henshaw] acted lawfully in self-defense and an Order reflecting the same was entered on May 8, 2025 (copy attached hereto as 'Exhibit 2').

"5. [Henshaw] has been deemed immune from criminal prosecution and civil action for this matter by way of the aforementioned Court Order.

"6. Ala. Code § 13A-3-23, as referenced in said Order grants [Henshaw] immunity from criminal prosecution and civil action relating to the conduct alleged.

WHEREFORE, the PREMISES CONSIDERED, [Henshaw] requests that this Honorable Court enter an Order dismissing the pending charge with prejudice."

(Capitalization in original; emphasis added.)

On May 14, 2025, Judge Demos entered an "Order of Dismissal" in the criminal case that provided:

"[Henshaw] has filed a motion to dismiss based on the findings of Judge Coats after a hearing in DR-2025-3118. The

9

Court in that case conducted a hearing under Alabama Code § 13A-3-23 and after taking testimony determined that [Henshaw] was entitled to immunity from criminal and civil prosecution in that cause.

"Furthermore, it is undisputed that the facts giving rise to the Petition for Protection from Abuse filed in DR-2025-3118 are the same facts as alleged in the complaint in this cause; are the same facts to which were testified at hearing; and the same facts on which immunity was granted. Therefore, based on the findings of the Court in DR-2025-3118, this cause is hereby dismissed."

On May 21, 2025, the State of Alabama, through the Madison County District Attorney's Office, filed in the Madison Circuit Court a petition for a writ of mandamus against Judge Coats and Judge Demos in case number DC-2025-2191, the criminal case. In its petition, the State contended that "[t]he District Court (Judge Coats) was without authority to grant immunity in a PFA hearing without notifying the State" and that "[t]he District Court (Judge Demos) erroneously relied on Judge Coats' illegal ruling in dismissing the criminal case." (Emphasis omitted.) The State requested that the Madison Circuit Court "order the District Court (Judge Demos) to vacate its order as improperly granted and to hold a Pretrial Immunity Hearing after providing notice to the State and giving the State an opportunity to present witnesses and be heard in argument" and "order the District Court (Judge Coats) to vacate its order granting

10

immunity in this case," "order the District Court (Judge Coats) to henceforth refrain from holding immunity hearings in PFA cases," "order the District Court (Judge Coats) to henceforth refrain from holding immunity hearings in criminal cases where it is not the trial court for such criminal cases," and "order the District Court (Judge Coats) to henceforth provide the State notice of such hearings, and an opportunity to be heard and present witnesses in such cases."

On May 22, 2025, the Madison Circuit Court judge before whom the State's petition was filed, Judge Donna S. Pate, ordered any answers to the petition to be filed by May 30, 2025. In a subsequent order, Judge Pate extended the deadline for answers to June 6, 2025.

On June 6, 2025, Henshaw filed an answer to the State's petition. In his answer, Henshaw contended that the State had waived any objection to Judge Demos's dismissal of the criminal case by failing to object or preserve the issue, that the State lacked standing to challenge Judge Coats's findings in the PFA case, that the State's arguments failed on the merits because Judge Coats's order was proper and was supported by the law and the evidence, and that the State's request to prospectively restrain Judge Coats's judicial authority was improper and unsupported.

11

Also on June 6, 2025, Judge Coats filed an answer to the State's petition. In her answer, Judge Coats noted that she "sat on the [PFA] case as a circuit court judge by virtue of her appointment as a special circuit court judge dated January 2, 2025." Judge Coats presented several arguments in response to the State's petition, including that the State should have appealed Judge Demos's order if it had wanted to properly challenge it, that the State had not properly invoked the jurisdiction of the circuit court to challenge anything in the PFA case, and that Judge Coats had acted with the bounds of her authority, jurisdiction, and discretion because the stand-your-ground statute "applies in civil cases such as the PFA case." Judge Demos did not file an answer to the State's petition.

On June 11, 2025, Judge Pate entered an "Order Granting Petition for Writ of Mandamus" that provided:

> "Upon consideration of the Petition for Writ of Mandamus filed herein, responses thereto filed by Hon. Linda Coats and Jordan Henshaw (a non-party herein but defendant in the underlying cases), and applicable law, it is ORDERED that the State of Alabama is entitled to the relief requested. Hon. Linda Coats is ORDERED to vacate that portion of her May 8, 2025, ORDER entered in DR-2025-3118 granting the defendant therein, Jordan Henshaw, immunity from criminal prosecution. This Order has no effect on Judge Coats' denial of [Williams's] Petition for Protection from Abuse. Hon. Patty

12

> Demos is ORDERED to vacate her May 14, 2025, Order of Dismissal in DC-2025-2191 and to restore that case to her active docket. She is further ORDERED to conduct an immunity hearing if requested by [Henshaw]."

(Capitalization in original.)

On July 8, 2025, Judge Coats appealed Judge Pate's June 11, 2025, order to this Court. On July 22, 2025, Judge Demos entered an order vacating her May 14, 2025, order and reinstated the criminal case against Henshaw. On July 23, 2025, Henshaw appealed Judge Pate's June 11, 2025, order to this Court.

In the PFA case, Williams -- this time represented by counsel -- subsequently filed a postjudgment motion to alter, amend, or vacate Judge Coats's May 8, 2025, order. Williams contended that she had never received Henshaw's motion seeking a pretrial immunity hearing. She also asserted that if a new hearing was granted, she would present pictures of her injuries that would demonstrate that her injuries were not received as a result of Henshaw's defending himself. Williams also contended that the findings in the May 8, 2025, order should be affected by what had happened in the criminal case, i.e., Judge Demos's having reinstated the criminal case against Henshaw.

On October 20, 2025, Judge Coats entered a postjudgment order addressing Williams's arguments. First, Judge Coats discounted Williams's claim that she had no notice of the pretrial immunity hearing because, she said, Williams had

> "never informed the court that she did not have [Henshaw's] motion for which the hearing was conducted and for which she fully participated. Further, one of [Henshaw's] witnesses stated he knew the issue before the court was self-defense. The court assisted [Williams] with her questions and patiently listened to all her evidence."

Judge Coats also rejected Williams's contention that photographic evidence of her injuries could have changed the outcome of the hearing. Judge Coats explained that Williams

> "did not dispute the fact that she was throwing household objects. [Henshaw] was defending himself from [Williams's] continuing to throw household objects at him in his house, after he asked her to leave. The Court very carefully considered this offer of proof and concludes that a re-trial would not change the outcome."

Finally, Judge Coats granted the portion of Williams's motion that concerned the parallel criminal case. Judge Coats's order stated:

> "The sentence [in the May 8, 2025, order that stated:] 'As such, [Henshaw] is entitled to the relief requested of immunity from criminal prosecution and civil action resulting from the altercation between the parties, which was the subject of these proceedings' is WITHDRAWN and the following sentence is substituted therefore: 'As such,

14

[Henshaw] is entitled to the relief requested of immunity pursuant to Alabama Code Section 13-3-23 for the force used.' "

(Capitalization in original.)

## II. Standard of Review

"Section 12-22-6, Ala. Code 1975, explicitly authorizes the appeal of a circuit court's issuance of a writ of mandamus. Section 12-22-6, provides, in pertinent part:

"'Appeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of certiorari, supersedeas, quo warranto, mandamus, prohibition, injunction and other remedial writs as provided by the Alabama Rules of Appellate Procedure. ... But this section shall not be construed as to prevent the presentation of an issue upon appeal taken after a final determination of the case.'

"See also Ex parte A.S., 3 So. 3d 842, 845 (Ala. 2008) (citing § 12-22-6 for the proposition that 'an appeal, not a petition for the writ of mandamus, is the proper avenue for challenging a circuit court's disposition of a petition for the writ of mandamus')."

Regions Bank v. Reed, 60 So. 3d 868, 878 (Ala. 2010).

"The circuit court's order issuing a writ of mandamus involves only questions of law. Therefore, the ... standard of review [that] applies to ... the petition [is] a de novo standard. See, e.g., George v. Sims, 888 So. 2d 1224, 1226 (Ala. 2004)

15

(observing in a case in which the plaintiff sought a petition for mandamus that '[b]ecause the facts are undisputed and we are presented with pure questions of law, our standard of review is de novo.')."

Id. at 877.

## III. Analysis

"Before we can reach the merits, we must first address this Court's jurisdiction over these appeals," Davis v. American Pride Props., LLC, 411 So. 3d 1220, 1223 (Ala. 2024), because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987). We first address jurisdiction over Judge Coats's appeal: appeal number SC-2025-0493. We then address jurisdiction over Henshaw's appeal: appeal number SC-2025-0535.

## A. Appeal Number SC-2025-0493

As to Judge Coats's appeal, the unavoidable fact is that Judge Coats does not have standing to appeal Judge Pate's order issuing of the writ of mandamus.

"In 'public-law cases,' such as this case,[7] standing is an absolute necessity for a court to obtain subject-matter

---

[7]"Public-law" cases are cases involving "constitutional or other challenges to the actions of officials or administrative agencies." Ex parte

16

jurisdiction. See Ex parte BAC Home Loans Servicing, LP, 159 So. 3d 31, 44 (Ala. 2013); State v. Property at 2018 Rainbow Dr., 740 So. 2d 1025, 1028 (Ala. 1999). To determine whether a party has standing, we employ the test set forth in Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Ex parte Aull, 149 So. 3d 582 (Ala. 2014). Principally, under that test, the plaintiffs must demonstrate 'an actual, concrete and particularized "injury in fact" -- "an invasion of a legally protected interest."' Alabama Alcoholic Beverage Control Bd. v. Henri-Duval Winery, L.L.C., 890 So. 2d 70, 74 (Ala. 2003) (quoting Lujan, 504 U.S. at 560, 112 S.Ct. 2130). An injury in fact must be '"(a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'"' Ex parte Alabama Educ. Television Comm'n, 151 So. 3d 283, 287 (Ala. 2013) (quoting Lujan, 504 U.S. at 560, 112 S.Ct. 2130)."

Hanes v. Merrill, 384 So. 3d 616, 620-21 (Ala. 2023).

The order issuing the writ of mandamus that Judge Coats has purported to appeal from was directed at her May 8, 2025, order in the PFA case. Judge Coats has no personal interest in the outcome of the PFA case, and she is not supposed to have such an interest in any

---

BAC Home Loans Servicing, LP, 159 So. 3d 31, 44 (Ala. 2013). The State filed its petition for a writ of mandamus in the only case to which it was a party, case number DC-2025-2191, the criminal case that had charged Henshaw with domestic violence. In that case, Henshaw used Judge Coats's May 8, 2025, order to challenge the State's domestic-violence charge based on statutory immunity. In her appeal, Judge Coats primarily advances arguments that raise questions about the propriety of the State's filing the petition for a writ of mandamus. Thus, Judge Coats's appeal of the order issuing the writ of mandamus is undoubtedly a public-law case.

particular portion of her ruling in that case. Indeed, "due process requires a 'neutral and detached judge in the first instance.'" Concrete Pipe & Prods. of California, Inc. v. Construction Laborers Pension Tr. for S. California, 508 U.S. 602, 617 (1993) (quoting Ward v. Village of Monroeville, 409 U.S. 57, 61-62 (1972)). Even to the extent that Judge Coats's arguments concerning the propriety of the writ of mandamus involve the bounds of her authority and jurisdiction as a judge, that does not constitute a legally protected personal interest because that entails the powers of her office, not an individualized injury.

> "'Only a party prejudiced or aggrieved by a judgment can appeal. ... "A party cannot claim error where no adverse ruling is made against him."' Alcazar Shrine Temple v. Montgomery Cty. Sheriff's Dep't, 868 So. 2d 1093, 1094 (Ala. 2003) (quoting Holloway v. Robertson, 500 So. 2d 1056, 1059 (Ala. 1986)). Although we have found no Alabama law on the specific issue at hand, persuasive authority from other jurisdictions indicates that, when a respondent judge in a circuit-court mandamus proceeding is merely a nominal party, the judge may not appeal. In People v. Recorder's Court Judge, 66 Mich. App. 315, 316, 239 N.W.2d 185, 185 (1975), the Michigan Court of Appeals held that 'a judge, who was the nominal defendant in the circuit court, [is not] an aggrieved party before [the appellate court] ... who has standing to appeal an order of superintending control issued by the circuit court.' See also Bender v. Ragan, 53 Wash. 521, 522, 102 P.

18

427, 428 (1909) (noting that, in mandamus proceedings, 'the judge of the court is a mere nominal party')."[8]

<u>Enslen v. Alabama Dep't of Transp.</u>, 211 So. 3d 841, 844-45 (Ala. Civ. App. 2016).

The party potentially prejudiced or aggrieved by Judge Pate's order issuing the writ of mandamus was Henshaw because the writ caused Judge Demos to reinstate the criminal case against him. Judge Pate's conclusion that Judge Coats committed some form of legal error by proclaiming that Henshaw was immune from criminal prosecution for his

---

[8]It is true that in some of our cases judges have sought and received review from this Court after writs of mandamus had been issued to them. See, e.g., <u>Ex parte State ex rel. Alabama Policy Inst.</u>, 200 So. 3d 495, 511 (Ala. 2015); <u>Ex parte Vance</u>, 900 So. 2d 394 (Ala. 2004); <u>Ex parte Sharp</u>, 893 So. 2d 571 (Ala. 2003); and <u>Ex parte Calhoun</u>, 688 So. 2d 259 (Ala. 1997). However, this Court did not raise the issue of standing in most of those cases. Moreover, as the Court of Civil Appeals observed in <u>Enslen v. Alabama Department of Transportation</u>, 211 So. 3d 841, 844 (Ala. Civ. App. 2016), "none of those cases involve an <u>appeal</u> of a mandamus order under § 12-22-6[, Ala. Code 1975]." Furthermore, in <u>Ex parte Alabama Policy Institute</u>, this Court concluded that Judge Enslen had standing because the issue in that case impacted the ministerial duties of his job as a probate judge. In short, those cases are distinguishable from Judge Coats's appeal, an appeal that is more akin to the situation in <u>Enslen</u> in which the Court of Civil Appeals concluded that Judge Enslen did not have standing to appeal the Elmore Circuit Court's order issuing a writ of mandamus directing him to conditionally dismiss a condemnation action that had been instituted in the probate court by the Alabama Department of Transportation against two property companies.

actions that precipitated the PFA case does not create the kind of injury-in-fact that provides standing to appeal the order issuing the writ.

In sum, the order issuing the writ of mandamus did not inflict upon Judge Coats an injury-in-fact to a legally protected interest, and, therefore, Judge Coats lacks standing to appeal. Therefore, Judge Coats's appeal, appeal number SC-2025-0493, must be dismissed.[9]

Moreover, even if Judge Coats had standing to appeal, the portion of Judge Pate's order that issued a writ of mandamus to Judge Coats was void. Under the PFAA, the only judges that may entertain a PFA petition are "[a] circuit court judge, a district court judge appointed as a special circuit court judge pursuant to law or a district court judge designated by a written standing order from the presiding circuit court judge to handle

---

[9]Judge Coats also has purported to appeal the portion of Judge Pate's June 11, 2025, order that issued a writ of mandamus to Judge Demos. If anything, Judge Coats possesses even less grounds for standing to appeal that portion of Judge Pate's order. The portion of Judge Pate's order that concerned the criminal case was directed at Judge Demos, not Judge Coats, and as Judge Coats observes in her own brief: "Judge Coats presided over the civil matter in DR-2025-3118, while Judge Demos presided over the criminal matter in DC-2025-2191." Judge Coats's brief, p. 17. Thus, Judge Coats was not involved in, much less a party to, case number DC-2025-2191, and Judge Pate's order with respect to that case did not affect Judge Coats in any way. In other words, Judge Coats was not a party aggrieved by that order, and she therefore cannot appeal it.

20

protection from abuse cases." § 30-5-2(2), Ala. Code 1975. As we noted in the rendition of facts, even though Judge Coats is a Madison County district-court judge, she had been appointed as a special circuit-court judge pursuant to law, and it was in that capacity that she entertained Williams's PFA petition.

> "A writ of mandamus is a remedy sought for <u>correcting a particular ruling by a lower court</u>. ... As this Court explained in <u>State v. Webber</u>, 892 So. 2d 869 (Ala. 2004):
>
>> "'... The petition for a writ of mandamus, if meritorious, merely <u>prompts the appellate court to exercise its supervisory power to tell the trial judge</u>, as an official, as distinguished from the trial court itself, to do his or her duty when that duty is so clear that there are no two ways about it. ...'
>
> "892 So. 2d at 871 (citations omitted)."

<u>Regions Bank</u>, 60 So. 3d at 877 (emphasis added). See also <u>State v. Maddox</u>, 828 So. 2d 946, 947-48 (Ala. Crim. App. 2001) ("'Clearly, a writ of mandamus is <u>a supervisory order</u>; thus, <u>an appellate court</u> may issue this writ in any situation, within recognized limits, where this writ is necessary to protect the proper judicial administration of the courts.'" (citation omitted; emphasis added)).

Judge Pate, as a circuit-court judge, has supervisory jurisdiction over district courts. See § 12-11-30(4), Ala. Code 1975 ("The circuit court

shall exercise a general superintendence over all district courts, municipal courts, and probate courts."). Thus, Judge Pate has the authority to issue a writ of mandamus to a district-court judge -- as she did to Judge Demos -- but she did not have the authority to issue a writ of mandamus to Judge Coats because Judge Coats was acting as a special circuit-court judge when she adjudicated the PFA case. Appellate courts have supervisory jurisdiction over the circuit courts, but circuit courts do not have supervisory jurisdiction over one another. Cf. <u>Ex parte Marshall</u>, 323 So. 3d 1188, 1206 (Ala. 2020) (Mendheim, J., concurring specially, joined by Bolin, Wise, Bryan, and Stewart, JJ.) ("Within their territorial jurisdictions, the circuit courts have supervisory authority over inferior tribunals, but the limitations on their jurisdiction necessarily mean that the circuit courts do not have supervisory jurisdiction over one another."). Accordingly, in this particular instance, Judge Pate could not issue a writ of mandamus to Judge Coats because Judge Pate did not have supervisory jurisdiction over Judge Coats in her capacity as a special circuit-court judge adjudicating the PFA case.

We note that Judge Pate's error is entirely understandable given: (1) that Judge Coats's regular office is that of a district-court judge; (2)

22

that the State's petition stated that the PFA case "was before Madison County District Court Judge Linda F. Coats"; and (3) that Judge Coats's May 8, 2025, order contained the style header "In the District Court of Madison County, Alabama," and identified her as "District Judge." Indeed, in these appeals, none of the parties picked up on the effect of the fact that Judge Coats was sitting as a special circuit-court judge when she entertained the PFA case.

Regardless, Circuit Judge Pate did not have supervisory authority to issue a writ of mandamus to Special Circuit Judge Coats. Consequently, to the extent that Judge Pate's June 11, 2025, order purported to direct Judge Coats to vacate a portion of her May 8, 2025, order in the PFA case, Judge Pate's order was void. "[A] void order will not support an appeal." Beam v. Taylor, 149 So. 3d 571, 577 (Ala. 2014). Therefore, Judge Coats's appeal of Judge Pate's order is also due to be dismissed because the appeal stems from a void order.

B. Appeal Number SC-2025-0535

What remains before us is Henshaw's appeal of Judge Pate's June 11, 2025, order. Henshaw has purported to appeal both aspects of Judge Pate's order, i.e., her issuance of a writ of mandamus to Judge Coats and

23

her issuance of a writ of mandamus to Judge Demos. However, as we explained in subsection A of this analysis, the portion of Judge Pate's order that commanded Judge Coats to vacate a portion of her May 8, 2025, order is void and cannot support an appeal. Therefore, we dismiss the portion of Henshaw's appeal that challenges the writ of mandamus to Judge Coats.

However, we also noted in subsection A that Judge Pate did have supervisory jurisdiction to issue a writ of mandamus to District Judge Demos. Henshaw also has appealed that portion of Judge Pate's June 11, 2025, order, arguing that Judge Pate erred in granting the State's petition because the State allegedly failed to object to the dismissal of the criminal case and the State allegedly should have appealed Judge Demos's order rather than seeking a petition for a writ of mandamus. We cannot address the merits of Henshaw's arguments, however, because this Court lacks jurisdiction over that portion of his appeal.

The State argues that both of these appeals belong in the Court of Civil Appeals because "the appellants have appealed the issuance of a Writ of Mandamus arising from a domestic relations case (<u>Williams v. Henshaw</u>, Domestic Relations Case No. DR-2025-3118 (Madison Cnty.))."

24

State's brief, p. 19. The State observes that under § 12-3-10, Ala. Code 1975, "'[t]he Court of Civil Appeals shall have exclusive appellate jurisdiction of … all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases and all extraordinary writs arising from appeals in said cases.'" Id. (emphasis omitted). A PFA proceeding is clearly a domestic-relations case. It carries a DR case number, the PFAA specifically involves preventing abuse in family situations, see, e.g., Ala. Code 1975, § 30-5-1 (setting forth the purposes of the PFAA), and § 30-5-2(7) (defining the term "Victim" in the PFAA), and every direct appeal we are aware of from a PFA proceeding -- whether stemming from an independent action or from a divorce or child-custody dispute -- has been heard by the Court of Civil Appeals. Additionally, an appeal from an order issuing a writ of mandamus in relation to a matter as to which a particular court has appellate jurisdiction belongs in the court that has appellate jurisdiction over such a matter. See State v. Isbell, 985 So. 2d 446, 449 (Ala. 2007).

Based on the foregoing, the State's argument would be persuasive in relation to Henshaw's appeal of the portion Judge Pate's order that pertained to Judge Coats's May 8, 2025, order in the PFA case.  However,

as we already have explained, that aspect of Henshaw's appeal is due to be dismissed because it stems from a portion of Judge Pate's order that is void.

The portion of Judge Pate's order that remains, and as to which Henshaw has appealed, is the part that ordered Judge Demos to vacate her May 14, 2025, order in case number DC-2025-2191, and to restore that case to her active docket. That case, which is the State's action charging Henshaw with third-degree domestic violence, is a criminal case. Under § 12-11-30(3) "[t]he circuit court shall have appellate jurisdiction of ... criminal ... cases in district court ..., except in cases in which direct appeal to the Court[ ] of ... Criminal Appeals is provided by law or rule."[10] Under § 12-3-9, Ala. Code 1975, the Court of Criminal

---

[10]Rule 30.2, Ala. R. Crim. P., provides:

"An appeal from the district or municipal court shall go directly to the appropriate appellate court:

"(1) If an adequate record or stipulation of fact is available and the right to a jury trial is waived by all parties entitled to trial by jury, or

"(2) If the parties stipulate that only questions of law are involved and the district court or the municipal court certifies the question."

26

Appeals has "exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases." Thus, except in special circumstances, an appeal in the criminal case would belong in the circuit court. But in this instance, Henshaw's appeal stems from the issuance of a writ of mandamus by the circuit court to the district court in a criminal matter. "'The Court of Criminal Appeals has ... a general superintendence and control of the circuit courts in criminal matters, over which it has exclusive appellate jurisdiction.'" Ex parte King, 23 So. 3d 77, 79 (Ala. 2009) (quoting Ex parte Nice, 407 So. 2d 874, 876 (Ala. 1981)). See Art. IV, § 141(d), Ala. Const. 2022. Therefore, Henshaw's appeal belongs in the Court of Criminal Appeals. Cf. Isbell, 985 So. 2d at 449 (concluding that "the Court of Criminal Appeals was the proper forum for resolution of the dispute made the basis of this mandamus proceeding because there is a pending criminal proceeding and any appeal from that proceeding would be to that court").

Based on the foregoing, we transfer Henshaw's appeal, appeal number SC-2025-0535, challenging Judge Pate's June 11, 2025, order

27

issuing a writ of mandamus to Judge Demos to the Court of Criminal Appeals.

## IV. Conclusion

Judge Coats's appeal, appeal number SC-2025-0493, is dismissed because Judge Coats lacks standing and because Judge Coats appeals from a void order. Henshaw's appeal of the portion of Judge Pate's order that issued a writ of mandamus to Judge Coats is dismissed because that aspect of his appeal stems from a void order. Henshaw's appeal of the portion of Judge Pate's order that issued a writ of mandamus to Judge Demos belongs within the appellate jurisdiction of the Court of Criminal Appeals. Therefore, we transfer appeal number SC-2025-0535 to the Court of Criminal Appeals.

SC-2025-0493 -- APPEAL DISMISSED.

SC-2025-0535 -- APPEAL DISMISSED IN PART AND TRANSFERRED.

Stewart, C.J., and Bryan and McCool, JJ., concur

Shaw, J., concurs in the result.